301 So.2d 757 (1974)
Guy W. CURRY, Plaintiff-Appellant,
v.
TRAVELERS INSURANCE COMPANY et al., Defendants-Appellees.
No. 12402.
Court of Appeal of Louisiana, Second Circuit.
October 1, 1974.
Rehearing Denied November 5, 1974.[*]
Writ Refused December 13, 1974.
Bodenheimer, Jones, Klotz & Simmons by J. W. Jones, Shreveport, for appellant.
Mayer & Smith by Paul R. Mayer, Shreveport, for Hartford Accident & Indemnity Co.
Blanchard, Walker, O'Quin & Roberts by Wilton H. Williams, Jr., Shreveport, for Traveler's Indemnity Co.
*758 Nelson & Achee, Ltd. by Roland J. Achee, Shreveport, for Allstate Ins. Co.
Before AYRES, PRICE and HALL, JJ.
Rehearing En Banc Denied November 5, 1974.[*]
PRICE, Judge.
This appeal involves a question of insurance coverage under the uninsured motorist provisions of two insurance policies where the negligent driver had insufficient liability coverage in relation to the damages for personal injuries allegedly sustained. The accident giving rise to this litigation happened on October 29, 1972, prior to the effective date of the amendment to LSA-R.S. 22:1406 which broadened the language of the uninsured motorist statute to provide protection to a liability insurance policyholder against an "underinsured motorist" in addition to the uninsured driver.
The plaintiff herein, Guy W. Curry, in bringing this action for damages alleged he was a passenger in a stopped automobile owned and operated by James Moore when it was struck from the rear by a pickup truck driven by David D. Gashaw. Plaintiff sued Gashaw and his liability insurer, Travelers Insurance Company, and joined Allstate Insurance Company and Hartford Accident & Indemnity Company, alleging each of these insurers had issued policies which afford him coverage under the uninsured motorist provisions of the insurance contract. The pleadings reflect Allstate is the liability insurer of Moore with uninsured motorist coverage of $5,000, and Hartford is plaintiff's liability insurer on two automobiles owned by him with total uninsured motorist coverage of $10,000.
Plaintiff claims damages of $234,515.63 and contends Hartford and Allstate are liable to him under the uninsured motorist provisions of their policies as Gashaw was an alleged "underinsured motorist".
After the filing of suit Travelers paid into the registry of the court the sum of $10,000, plus interest and court costs, the limit of its liability under the policy insuring Gashaw.
Hartford filed an exception of no cause or right of action, asserting no coverage was afforded to plaintiff under the uninsured motorist coverage of its policies as the Gashaw vehicle was not "uninsured." Allstate filed a motion for summary judgment alleging basically the same grounds set forth in the exception pled by Hartford.
The trial judge sustained the exception and motion and dismissed plaintiff's demands against Hartford and Allstate.
In his appeal to the court plaintiff contends the trial court was in error in holding Gashaw was an insured driver and thus no coverage was provided under the Hartford and Allstate policies.
The sole basis for plaintiff's argument is the premise that an "underinsured motorist" is an "uninsured" driver under the purpose and intent of LSA-R.S. 22:1406, and any policy definition attempting to restrict coverage to only those situations where the motorist is without insurance in the minimum amount required by the Financial Responsibility Law is contrary to the statute and ineffective.
The pertinent section of the original statutory provision relating to uninsured motorist protection in this state (in effect at the time of the subject accident), is contained in LSA-R.S. 22:1406, (D)(1), as follows:
"No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits described in the Motor Vehicle Safety Responsibility Law of Louisiana, under provisions filed with and approved by the Commissioner *759 of Insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from the owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, however, that the coverage required under this section shall not be applicable where any insured named in the policy shall reject the coverage." (emphasis supplied)
By Act 137 of 1972 the Legislature amended this section to read as follows:
"D. (1)(a) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits described in the Motor Vehicle Safety Responsibility Law of Louisiana, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, however, that the coverage required under this section shall not be applicable where any insured named in the policy shall reject the coverage.
"(b) Any insurer delivering or issuing an automobile liability insurance policy referred to herein, shall also permit the insured, at his request, to increase the coverage applicable to uninsured motor vehicles provided for herein to any amount not in excess of the limits of the automobile liability insurance carried by such insured.
"(2)(a) For the purpose of this coverage, the terms `uninsured motor vehicle' shall, subject to the terms and conditions of such coverage, be deemed to include an insured motor vehicle where the liability insurer thereof is unable to make payment with respect to the legal liability of its insured within the limits specified therein because of insolvency.
"(b) For the purpose of this coverage the term `uninsured motor vehicle' shall, subject to the terms and conditions of such coverage, also be deemed to include an insured motor vehicle when the automobile liability insurance coverage on such vehicle is less than the uninsured motorist coverage carried by an insured." (emphasis supplied)
Plaintiff contends the action of the Legislature in amending the statute to specifically include protection against "underinsured" motorists should be construed as a recognition by the Legislature that the original statute enacted by that body had intended to include within the meaning of "uninsured motorist" those who were "underinsured."
Plaintiff also relies on several cases involving "stacking" of uninsured motorist coverage which he contends are analogous and lend support to his position. He cites Graham v. American Casualty Co. of Reading, Pa., 261 La. 85, 259 So.2d 22 (1972); Deane v. McGee, 261 La. 686, 260 So.2d 669 (1972); and Smith v. Trinity Universal Insurance Co., 270 So.2d 637 (2nd Cir. La.App.1972).
We do not find any of the cases to be in point on the issue involved herein. In Graham and Deane, the offending driver was uninsured and the issue before the court was one of policy interpretation relating to multiple recovery. In Smith the court found two drivers caused the insured's damages. One was "uninsured" and the decision merely ruled the so-called "reduction clause" of the uninsured motorist coverage of a policy was unenforceable as contrary to the statute. In Smith the uninsured motorist coverage was activated by the presence of an "uninsured" motorist. This is to be distinguished from the *760 case at hand which has no "uninsured" driver to bring the plaintiff within the provisions of coverage under the policy.
We are not aware of any case in this jurisdiction which has specifically dealt with the issue presented here. We conclude the statute in effect at the time of the accident plainly afforded protection against only an "uninsured" driver and this language cannot be construed to be inclusive of an "underinsured motorist."
We find this position has been taken in other jurisdictions when confronted with the same question under almost identical statutory provisions to the Louisiana statute. See Kemp v. Fidelity & Casualty Co. of New York, 504 S.W.2d 633 (Tex.Civ.App.Eastland 1974, Writ denied); McMinn v. New Hampshire Insurance Co., 276 So.2d 682 (Miss.1973); Detrick v. Aetna Casualty and Surety Co., 158 N.W.2d 99 (Iowa 1968).
In Couch, Cyclopedia of Insurance Law (2d Ed. 1964) Section 45:632, at 574, "uninsured motorist" is defined:
"In an uninsured motorist provision, an `uninsured automobile' is ordinarily defined to include motor vehicles with respect to which neither the owner nor the operator carries bodily injury liability insurance, and `hit and run' automobile(s)."
We conclude, therefore, there is no "uninsured motorist" involved in the instant case, since the motorist causing the accident had insurance in compliance with the uninsured motorist statute in effect at the time of plaintiff's injury.
The judgment of the trial court sustaining the motion for summary judgment and peremptory exceptions and dismissing plaintiff's demands against Hartford and Allstate is affirmed at appellant's costs.
NOTES
[*] Dennis, J., took no part in denial of rehearing.