302 So.2d 731 (1974)
Barbara A. DOUCET, Individually and on Behalf of her minor daughter, Tiffany F. Doucet, Plaintiff-Appellant,
v.
INSURANCE COMPANY OF NORTH AMERICA, Defendant-Appellee.
No. 4734.
Court of Appeal of Louisiana, Third Circuit.
October 16, 1974.
Rehearing Denied November 20, 1974.
Writ Refused December 20, 1974.
*732 Preston N. Aucoin, Ville Platte, for plaintiff-appellant.
Davidson, Meaux, Onebane & Donohoe, by John G. Torian, II, Lafayette, for defendant-appellee.
Before FRUGÉ, MILLER and WATSON, JJ.
WATSON, Judge.
Plaintiff, Barbara A. Doucet, appeals from a summary judgment, which denied her claims for herself and her minor daughter, Tiffany F. Doucet, under the uninsured motorists' feature of an insurance policy on a vehicle in which she and her daughter were passengers. Plaintiff contends that, since their vehicle was struck by a vehicle having liability coverage only of $5,000 for one person and $10,000 for all persons involved in one accident, and since the injuries sustained by plaintiff and her daughter exceed the amount of liability coverage, they are entitled to collect under the uninsured motorist coverage of $5,000 per person on the vehicle in which they were passengers. The defendant insurer is Insurance Company of North America, and its insured is Artelon Chapman, Jr.
Plaintiff and her daughter were guest passengers in the Chapman pickup truck on June 17, 1973, when the pickup truck was struck headon by a pickup truck being driven by one Leslie Egins.
Plaintiff alleges in her petition that the accident resulted from the negligence of Leslie Egins and that she and her daughter sustained serious and permanent injuries as a result of the collision. Also, it is alleged that Artelon Chapman, Jr. sustained injuries in the collision.
Plaintiff further alleges that Leslie Egins had a public liability policy covering his truck but limited to the amounts of $5,000 liability to one person and $10,000 liability to all persons involved in one accident. Plaintiff further alleges that Egins' insurer has paid its policy limits of $10,000 to plaintiff, her minor daughter and Chapman, thus exhausting its liability coverage.
Next plaintiff alleges that Chapman had a public liability policy issued by the defendant containing an uninsured motorist clause which provided $5,000 coverage to plaintiff and $5,000 to her minor daughter.
*733 The theory of petitioner's claim is summarized in Article 10 of her petition which reads as follows:
"Since the injuries of petitioner and her minor daughter are so severe and worth more than the coverage afforded them by Leslie Egin's liability insurer, they are entitled to recover against defendant herein because the uninsured motorists coverage afforded by defendant herein is secondary or excess insurance." (TR. 4)
There are no questions of fact involved in the appeal; the issue is one of law. LSA-C.C.P. art. 966.
The issue is: May plaintiff have the benefit of uninsured motorist coverage even though there was liability coverage in effect equal to the amount of the uninsured motorist coverage.
Plaintiff's counsel suggests that she is entitled to recover under the statutes in effect at the time of the accident (which occurred June 17, 1973) or alternatively under a 1974 amendment to the applicable statutes.
I. THE 1972 STATUTE
The issue is answered very clearly and very simply by the uninsured motorists statute, as amended in 1972, which was in full force and effect at the time of the accident. The applicable statute is LSA-R.S. 22:1406(D)(2)(b), which provides as follows:
"For the purpose of this coverage the term `uninsured motor vehicle' shall, subject to the terms and conditions of such coverage, also be deemed to include an insured motor vehicle when the automobile liability insurance coverage on such vehicle is less than the uninsured motorist coverage carried by an insured."
Counsel for plaintiff, who makes a very able, resourceful, and vigorous presentation on behalf of his clients, is candid to admit that his theory is res nova. He points out that the contentions he makes are in the spirit of the several cases recently decided by this court and by the Louisiana Supreme Court on uninsured motorists coverage. Graham v. American Casualty Co. of Reading, Pa., 261 La. 85, 259 So.2d 22 (1972); Deane v. McGee, 261 La. 686, 260 So.2d 669 (1972); Elledge v. Warren, 263 So.2d 912, (La.App. 3 Cir. 1972) writ refused 262 La. 1096, 266 So.2d 223; Crenwelge v. State Farm Mutual Automobile Ins. Co., 277 So.2d 155, (La.App. 3 Cir. 1973); Roberie v. State Farm Mutual Automobile Ins. Co., 291 So.2d 923 (La.App. 3 Cir. 1974) writ refused May 24, 1974; Rascoe v. Wilburn, 295 So.2d 201 (La.App. 3 Cir. 1974).
We recognize and acknowledge the line of jurisprudence cited. However, none of the cases cited support plaintiff's theory of recovery in the instant case. The Rascoe decision deals with the effect of the statuteuninsured motorist coverage was recognized where the liability coverage was less than the available uninsured motorist coverage.
We are of the opinion, as was the trial court, that the theory of plaintiff's case is directly contrary to the statute quoted.
II. THE 1974 AMENDMENT
By Act No. 154 of 1974, the Louisiana Legislature changed the wording of LSA-R.S. 22:1406 as it would apply to cases presenting the circumstances of the instant litigation. LSA-R.S. 22:1406(D)(2) now reads as follows:
(2) For the purposes of this coverage the term uninsured motor vehicle shall, subject to the terms and conditions of such coverage, also be deemed to include an insured motor vehicle when the automobile liability insurance coverage on such vehicle is less than the amount of damages suffered by an insured and/or the passengers in the insured's vehicle at the time of an accident, as agreed to by the parties and their insurers or as determined by final adjudication.
*734 We are inclined to agree with counsel that plaintiff's claim would be covered if the statute as amended in 1974 had been in effect at the time of the accident. However, it was not.
The contention is made that we should give retroactive effect to the amendment. The general rule is as announced in Article 8 of the Louisiana Civil Code:
"A law can prescribe only for the future; it can have no retrospective operation, nor can it impair the obligation of contracts."
This is in accord with Article 4, Section 15 of the Louisiana Constitution of 1921 which declares:
"No ex-post facto law, nor any law impairing the obligation of contracts, shall be passed; nor shall vested rights be divested, unless for purposes of public utility, and for just and adequate compensation previously paid."
Therefore, the general rule in Louisiana, both statutory and constitutional, is that laws have prospective and not retrospective operation.
However, plaintiff contends that Act 154 of 1974 was remedial or curative in nature and therefore applies retrospectively. We do not find the 1974 amendment to the law regulating uninsured motorist coverage to be remedial or curative as these terms are used in our jurisprudence. See McGuirt v. Gillespie, 141 La. 586, 75 So. 419 (1917); Fullilove v. U. S. Casualty Company of New York, 129 So.2d 816 (La.App. 2 Cir. 1961) cert, den. On the contrary, we find that this amendment is a broadening of coverage by the Louisiana Legislature. Defendant's counsel makes a significant point in the argument that not only has the date of the accident long since passed but even the term of the insurance policy had expired when the 1974 amendment became effective.
Therefore, in our opinion, plaintiff is not entitled to proceed under the uninsured motorist feature of the insurance policy on the vehicle in which she and her daughter were passengers. The trial court was correct in its application of the law granting summary judgment to defendant.
Costs of the appeal are taxed against plaintiff.
Affirmed.