317 So.2d 4 (1975)
Noble Hugh NOLKER, Plaintiff-Appellant,
v.
John WALLACE and Northland Insurance Company, Defendants, and
Royal Globe Insurance Company, Defendant-Appellee.
No. 5097.
Court of Appeal of Louisiana, Third Circuit.
July 30, 1975.
*5 William Henry Sanders, Jena, Edward A. Kaplan, Alexandria, for plaintiff-appellant.
Gist, Methvin & Trimble, by James T. Trimble, Jr., Alexandria, for defendant-appellee.
Long & Peters, by Speedy O. Long, Jena, for plaintiff-appellee.
Before FRUGE, DOMENGEAUX and WATSON, JJ.
DOMENGEAUX, Judge.
Plaintiff appeals the granting of a motion for summary judgment to the defendant-insurer, Royal Globe Insurance Company.
On June 15, 1974, Noble Hugh Nolker, the plaintiff herein, was engaged in riding a bicycle on or adjacent to U. S. Highway 184 in LaSalle Parish, Louisiana, when he became involved in a collision with a motorcycle driven by the defendant, John Wallace.
Plaintiff subsequently filed a personal injury suit against Wallace and, in addition, against his own automobile liability insurer (Royal Globe Insurance Company) on the basis of uninsured motorist coverage. Plaintiff later also added as defendant, Northland Insurance Company, the liability insurer for the Wallace driven motorcycle.
Thereafter the defendant-Wallace reconvened against the plaintiff for injuries sustained in the accident.
The plaintiff in turn answered the third party demand and filed a third party petition against his insurer, Royal Globe, alleging that it was responsible for defending him in the action filed by Wallace and, in the event judgment was rendered against him, also for indemnity.
Royal Globe answered plaintiff's main and third party demand and filed a motion for summary judgment. Said motion was based upon the following two arguments:
First, insofar as the claim for uninsured motorist coverage was concerned, the defendant-Wallace was insured by Northland Insurance Company, with bodily injury limits of $5,000 per person and $10,000 per accident, which was equal to the limits of the uninsured motorist coverage provided by Royal Globe to the plaintiff. Accordingly, it is contended that under the *6 provisions of LSA R.S. 22:1406(D)(2)(b)[1] (before its 1974 amendment, inasmuch as the accident herein occurred on June 15, 1974, which was prior to the effective date of said amendment, i. e. July 31, 1974) and the case of Doucet v. Insurance Company of North America, 302 So.2d 731 (La.App. 3rd Cir. 1974), writ refused, La., 305 So.2d 134 (1974),[2] the Wallace vehicle could not be considered "uninsured" by reason of being "underinsured" and Royal Globe owed no coverage under this provision.
Secondly, on the question of the obligation to defend and provide coverage to plaintiff insofar as defendant Wallace's third party demand was concerned, the policy issued by Royal Globe provided liability coverage only for personal injury or destruction of property arising out of the ownership, maintenance, or use of "automobiles", (whether owned, substitute, or non-owned) and defense of any suit alleging such injury or destruction. Plaintiff contends that said coverage does not in any form or fashion encompass an injury arising out of the use of a bicycle,[3]
We agree with both contentions set forth by the defendant-insurer. Accordingly, under the facts of this case no issue as to material fact existed with regard to uninsured motorist or liability coverage under the plaintiff's policy and defendant insurer is entitled to summary judgment as a matter of law.
For the above and foregoing reasons the judgment of the trial court is affirmed at plaintiff-appellant's costs.
Affirmed.
NOTES
[1] LSA-R.S. 22:1406(D)(2)(b) as amended in 1972 provided the following: "For the purpose of this coverage the term `uninsured motor vehicle' shall, subject to the terms and conditions [for] such coverage, also be deemed to include an insured motor vehicle when the automobile liability insurance coverage on such vehicle is less than the uninsured motorist coverage carried by an insured."

The same statute as amended by Act No. 154 of 1974 now reads: "For the purposes of this coverage the term uninsured motor vehicle shall, subject to the terms and conditions of such coverage, also be deemed to include an insured motor vehicle when the automobile liability insurance coverage on such vehicle is less than the amount of damages suffered by an insured and/or the passengers in the insured's vehicle at the time of an accident, as agreed to by the parties and their insurers or as determined by final adjudication."
[2] Doucet held that the 1974 amendment to LSA R.S. 22:1406(D)(2)(b) was not retrospective in operation, that the accident therein occurred prior to the effective date of the 1974 amendment, and therefore under the facts existing, i.e., equal coverage under plaintiff's uninsured motorist provision of his policy and the defendant-insured's liability provision, plaintiff was not entitled to proceed under the uninsured motorist clause of his insurance policy.
[3] Although the courts have readily concluded that an uninsured automobile as defined in policies include a motorcycle by reason of it being a "motor vehicle" (See: Thomas v. Nelson, 295 So.2d 847 (La.App. 1st Cir. 1974); Elledge v. Warren, 263 So.2d 912 (La.App. 3rd Cir. 1972), writ refused 262 La. 1096, 266 So.2d 223 (1972); Thibodeaux v. St. Paul Mercury Ins. Co., 242 So.2d 112 (La.App. 3rd Cir. 1970), writ refused 257 La. 622, 243 So.2d 533 (1971)), they have never extended such coverage to a non-motor-driven bicycle. Notably, however, even motorcycles have not yet been included as an "automobile" under the liability provision of automobile policies. (See: Guillory v. Deshotel, 51 So.2d 91 (La.App. 3rd Cir. 1971), writ refused 259 La. 810, 253 So.2d 67 (1971); Labove v. Traders & General Insurance Company, 219 So.2d 614 (La.App. 3rd Cir. 1969), writ refused 254 La. 22, 222 So.2d 69 (1969)).