318 So.2d 83 (1975)
Robert RICHARD, Plaintiff-Appellant,
v.
ZURICH INSURANCE COMPANY et al., Defendants-Appellees.
No. 5113.
Court of Appeal of Louisiana, Third Circuit.
September 5, 1975.
*84 Dubuisson, Brinkhaus, Guglielmo and Dauzat, by Jimmy L. Dauzat, Opelousas, for plaintiff-appellant.
Allen, Gooch & Bourgeois, by Paul J. Breaux, Lafayette, Gist, Methvin & Trimble, by H. B. Gist, Jr., Alexandria, William J. Doran, Jr., Baton Rouge, for defendants-appellees.
Before HOOD, CULPEPPER and MILLER, JJ.
HOOD, Judge.
Robert Richard seeks to recover damages sustained by him as the result of a motor vehicle collision. Defendants are Allstate Insurance Company, Peter Pickens, Zurich Insurance Company, and Louisiana Department of Highways. A summary judgment was rendered by the trial court dismissing the suit as to defendant Allstate. Plaintiff appealed.
The issue presented is whether Richard is entitled to recover from Allstate under the uninsured motorist coverage provided in an automobile liability policy which Allstate had issued to plaintiff.
Richard sustained personal injuries as the result of a motor vehicle collision which occurred in LaSalle Parish on September 2, 1973. At the time of the accident, he was riding as a guest passenger in an automobile which was owned and was being driven by Peter Pickens. The Pickens automobile crossed the center line of the highway and collided with a station wagon which was being driven in the opposite direction by David T. Shively. Plaintiff alleges that the accident was caused solely by the joint negligence of Pickens and the Louisiana Department of Highways.
There was in effect at the time of the collision an automobile liability insurance policy issued by Zurich Insurance Company to defendant, Pickens, which provided liability coverage to Pickens, with limits of $5,000.00 per person and $10,000.00 per accident. There also was in effect at that time an automobile liability policy issued by defendant Allstate to plaintiff Richard, which provided uninsured motorist coverage to plaintiff, with limits of $5,000.00 per person and $10,000.00 per accident.
After the above accident occurred, several suits for damages, besides this one, were filed by other parties against Pickens and his insurer, Zurich, all of which suits arose out of the same accident. Plaintiff alleges that all of those claims have resulted, or will in the future result, in the exhaustion of the limits of the policy which had been issued by Zurich to Pickens, and that Pickens thus was an "uninsured motorist," as that term is used in the policy. He contends that in view of those circumstances, he is entitled to recover from his own insurer, Allstate, under the uninsured motorist coverage provided in the policy issued to him by that defendant.
Pursuant to a motion filed by defendant Allstate, the trial court rendered a summary judgment dismissing the suit as to Allstate on the ground that the liability coverage provided in the policy issued by Zurich to Pickens was not less than the uninsured motorist coverage provided in the policy which Allstate issued to plaintiff. The court held that under those circumstances the Pickens automobile could not be held to be an "uninsured motor vehicle," and that the loss or injury sustained by plaintiff thus was not covered by the uninsured motorist provision of the policy issued by Allstate. It based that decision on LSA-R.S.
*85 22:1406(D)(2)(b), as amended by Act 137 of 1972, which provides:
"For the purposes of this coverage the term `uninsured motor vehicle' shall, subject to the terms and conditions of such coverage, also be deemed to include an insured motor vehicle when the automobile liability insurance coverage on such vehicle is less than the uninsured motorist coverage carried by an insured."
The above section of the Revised Statutes was amended again by Act 154 of 1974, but that amendment is not applicable here, because the accident occurred before the amending statute was enacted.
In the instant suit the automobile liability coverage on the Pickens vehicle was for the same amount as the uninsured motorist coverage carried by plaintiff. We assume for the purpose of disposing of the motion for summary judgment that the other claims for damages which are being asserted against Pickens will exhaust the limits of the liability coverage provided in the Zurich policy. The question presented is whether the "liability insurance coverage" of Pickens, under those circumstances, must be considered to be "less than" the "uninsured motorist coverage" carried by plaintiff, as those terms are used in LSA-R.S. 22:1406(D)(2)(b), as amended in 1972. If the liability coverage is found to be less than the uninsured motorist coverage, then plaintiff is entitled to recover under the uninsured motorist provisions of the policy issued to him by Allstate.
The issue which is before us here is identical to that which was presented in Doucet v. Insurance Company of North America, 302 So.2d 731 (La.App. 3 Cir. 1974). In that case the plaintiff and her daughter were injured in a collision which occurred while they were riding as passengers in a pickup truck being driven by Artelon Chapman, who also was injured. The driver of the other vehicle had liability insurance, with limits of $5,000.00 for one person and $10,000.00 for one accident, and that insurer paid the maximum limit of its liability, $10,000.00, to the three injured persons. Chapman had uninsured motorist coverage on his own vehicle, with limits of $5,000.00 for one person and $10,000.00 for one accident. Plaintiff sought to recover from Chapman's insurer, under the uninsured motorist coverage provided in the policy which it had issued, on the ground that the amount of the damages which she and her daughter had sustained exceeded the amount of liability coverage. The issue presented in that case, as we saw it, was:
"May plaintiff have the benefit of uninsured motorist coverage even though there was liability coverage in effect equal to the amount of the uninsured motorist coverage?"
We held that the Chapman vehicle was not an "uninsured motor vehicle," as that term is used in LSA-R.S. 22:-1406(D)(2)(b), as amended in 1972, since the liability coverage carried by the other driver equalled the amount of uninsured motorist coverage carried by Chapman. We concluded that no coverage was provided under the uninsured motorist provisions of the policy, even though the liability coverage carried by the other driver was partially depleted by a payment to another claimant.
The plaintiff in Doucet argued, as plaintiff does here, that the intent of the Legislature was to expand the definition of "uninsured motorist" to include an "insured motor vehicle," so as to allow the insured to recover up to the full limits of his own uninsured motorist coverage, where the limits of the liability policy have been wholly or partially depleted. We rejected that argument in Doucet, and for the reasons which we assigned in that case we reject the same arguments which are made here.
We believe that in this case, as in Doucet, plaintiff would have had a cause of action under the uninsured motorist coverage *86 in the Allstate policy if the 1974 amendment to LSA-R.S. 22:1406(D)(2)(b) had been in effect at the time of the accident. That amendment was not in effect when the accidents involved in both of those suits occurred, however, and we have concluded that the 1974 act cannot be applied retrospectively.
Our conclusion is that the Pickens vehicle was not an "uninsured automobile," as that term is used in the Allstate policy issued to plaintiff, and that plaintiff is not entitled to recover under the uninsured motorist coverage provided in that policy. The trial judge did not err, therefore, in rendering a summary judgment dismissing the suit as to Allstate.
For the reasons assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.