323 So.2d 488 (1975)
Franklin D. PAUL
v.
Edwin W. EDWARDS, Governor of the State of Louisiana et al.
No. 10474.
Court of Appeal of Louisiana, First Circuit.
November 24, 1975.
*489 James F. Mulla, Jr., New Orleans, for appellant.
Janice Gonzales, Metairie, for appellees.
Before LANDRY, COVINGTON and BARNETTE, JJ.
COVINGTON, Judge.
On October 13, 1965, plaintiff-appellant plead guilty to auto theft and was given a three (3) year term in the Louisiana State Penitentiary, with the sentence being suspended and the then defendant placed on two years of active probation. On March 26, 1975, a Petition for Writ of Mandamus was brought against the Governor, Attorney General and Director of Louisiana Department of Corrections to compel the issuance of an "automatic pardon" to plaintiff-appellant, under the provisions of Article 4, Section 5(E) of the Louisiana Constitution of 1974 and LSA-R.S. 15:572.
The defendant filed an exception of no cause of action which was maintained by the trial court. We affirm.
Article 4, Section 5(E) of the Louisiana Constitution of 1974, states:
"(1) The governor may grant reprieves to persons convicted of offenses against the State and, upon recommendation of the Board of Pardons, may commute sentences, pardon those convicted of offenses against the state, and remit fines and forfeitures imposed for such offenses. However, a first offender never previously convicted of a felony shall be pardoned automatically upon completion of his sentence, without a recommendation of the Board of Pardons and without action by the governor."
It was stipulated by all parties that had this offense occurred after the adoption of the new constitution, the appellant would be entitled to an automatic pardon. The question is, therefore, whether Section 5 (E) of Article 4 of the new constitution for the State of Louisiana is to be given retroactive effect.
Two sections of Article 14 of the Constitution of 1974, pertinent to this question, are included in the transitional provisions and prescribe that the status of certain rights shall not be affected by the new constitution. They are:
"Section 23. All writs, actions, suits, proceedings, civil or criminal liabilities, prosecutions, judgments, sentences, orders, decrees, appeals, rights or causes of action, contracts, obligations, claims, demands, titles, and rights existing on the effective date of this constitution shall continue unaffected. All sentences as *490 punishment for crime shall be executed according to their terms."
* * * * * *
"Section 26. Except as otherwise specifically provided in this constitution, this constitution shall not be retroactive and shall not create any right or liability which did not exist under the Constitution of 1921 based upon actions or matters occurring prior to the effective date of this constitution."
The general rule in Louisiana, both constitutional and statutory, is that laws have prospective and not retrospective operation; Doucet v. Insurance Company of North America, 302 So.2d 731 (La.App. 3rd Cir., 1974), writ denied 305 So.2d 134. An exception to the rule as announced in the Doucet case exists where the statute is remedial or procedural in nature; Parish of Calcasieu, Calcasieu Par. Pol. J. v. Traigle, 296 So.2d 418 (La.App. 1st Cir., 1974). Another exception to the general rule announced in Doucet is where the words employed show a clear intent to have a retroactive effect; Shreveport Long Leaf Lumber Co., Inc. v. Wilson, 195 La. 814, 197 So. 566 (1940); Prothro v. City of Natchitoches, 265 So.2d 242 (La.App. 3rd Cir., 1972).
The trial court had the case of Williams v. Louisiana Board of Alcoholic Beverage Control, 317 So.2d 247, (Ninth Judicial District Court, Rapides Parish), as a guide and we think that although that decision was not binding on the trial court in the instant case, it did serve as a guide to the decision rendered. Also in evidence was the opinion of the Attorney General of the State of Louisiana, wherein he stated, referring to the Williams' decision:
"As the latter interpretation is the most recent pronouncement of a court of record, this is the interpretation which should be followed by all state agencies pending a definitive ruling by the Supreme Court of Louisiana."
Of course, neither is the opinion binding upon the courts.
We have carefully examined Article 4, Section 5(E) of the Louisiana Constitution and conclude that the statute is neither remedial nor procedural; furthermore, the words employed failed to show a clear intent to have the statute applied retroactively.
Moreover, the clear and unambigious language of Article 14, Sections 23 and 26, is mandatory to the effect that this Constitution shall not be retroactive. We are obligated to and do adhere to the mandate of the constitution. Therefore, the "automatic pardon" provisions are applicable only to sentences imposed on or after January 1, 1975, the effective date of the Constitution of 1974.
Affirmed.