328 So.2d 679 (1976)
Lillian SMITH et vir, Plaintiffs and Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant and Appellee.
No. 5345.
Court of Appeal of Louisiana, Third Circuit.
March 10, 1976.
Kelly & Ware, by Richard N. Ware, Natchitoches, for plaintiffs-appellants.
Hall, Coltharp & Lestage, by L. H. Coltharp, Jr., DeRidder, for defendant-appellee.
Before CULPEPPER, DOMENGEAUX and PAVY, JJ.
CULPEPPER, Judge.
The sole issue presented by this appeal is whether the concept of an "underinsured" vehicle, which was added to the uninsured motorist statute of this state by Act 137 of 1972 [LSA-R.S. 22:1406(D)(2)(b)], must be applied to an accident which occurred before this statutory amendment became effective on January 1, 1973. The district judge sustained the defendant insurer's exception of no cause of action on the basis that, before the 1972 amendment took effect, our law did not provide coverage where the offending motorist was merely "underinsured". Plaintiffs appealed this ruling.
The facts, as alleged in the plaintiffs' petition, are as follows: The plaintiff, *680 Mrs. Lillian Smith, sustained personal injuries on December 5, 1972 when a 1968 Dodge panel truck in which she was riding as a passenger collided with a 1968 Ford log truck. She and her husband filed suit against the owners of the log truck and their insurer, Reliance Insurance Company, and obtained a judgment in the sum of $59,532.31. Pursuant to that judgment, Reliance paid to plaintiffs the sum of $10,000, representing the policy limits of their liability coverage.
Plaintiffs then filed the instant suit against State Farm Mutual Automobile Insurance Company. They allege that at the time of the accident on December 5, 1972 they had two policies with State Farm, each of which provided "uninsured motorist and underinsured motorist" coverage in the sum of $5,000 per person per accident, for a total of $10,000 under the two policies.
At the time of the alleged accident, LSA-R.S. 22:1406, D provided in pertinent part that no automobile liability insurance policy could be issued in this state unless it provided coverage:
". . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles". (emphasis supplied)
Act 137 of 1972, which became effective on January 1, 1973, amendment the above quoted language to read:
". . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles" (emphasis supplied)
In an apparent attempt to define "underinsured", Act 137 of 1972 also provided:
"For the purposes of this coverage the term `uninsured motor vehicle' shall, subject to the terms and conditions of such coverage, also be deemed to include an insured motor vehicle when the automobile liability insurance coverage on such vehicle is less than the uninsured motorist coverage carried by an insured." (Emphasis supplied)
Then Act 154 of 1974 again defined "underinsured" as follows:
"For the purposes of this coverage the term uninsured motor vehicle shall, subject to the terms and conditions of such coverage, also be deemed to include an insured motor vehicle when the automobile liability insurance coverage on such vehicle is less than the amount of damages suffered by an insured . . ." (Emphasis supplied)
Plaintiff argues that the above legislative history of the statute shows it was the intent of the statute, even as it read in 1972, to give protection to the insured to the full amount of his damages caused by an uninsured or an underinsured motorist. They cite Elledge v. Warren, 263 So.2d 912 (La.App., 3rd Cir. 1972) for general statements as to the purpose of the act and the rule that it should be liberally construed.
Plaintiffs' argument has been rejected in at least three Court of Appeal decisions in which our Supreme Court denied writs, thereby indicating its position. In Doucet v. Insurance Company of North America, 302 So.2d 731 (La.App.3rd Cir. 1974), certiorari denied La., 305 So.2d 134, we held:
"We do not find the 1974 amendment to the law regulating uninsured motorist coverage to be remedial or curative as these terms are used in our jurisprudence.. . . On the contrary, we find that this amendment is a broadening of coverage by the Louisiana Legislature." (citations omitted)
See also Richard v. Zurich Insurance Company, 318 So.2d 83 (La.App., 3rd Cir. *681 1975) in which we approved the holding in Doucet; and Curry v. Travelers Insurance Company, 301 So.2d 757 (La.App., 2d Cir. 1974), writ refused, La. 304 So.2d 671 (S.Ct. 1974).
In Lorio v. Safeco Insurance Company of America, 316 So.2d 744 (La.App., 1st Cir. 1975), certiorari denied La., 318 So.2d 52, our brethren on the First Circuit recently stated:
"Prior to the 1972 act, if the offending tort feasor had any liability insurance the victim of the tort was unable to collect any benefits from the latter's uninsured motorist insurer. The uninsured status of the offending motorist was a condition precedent to an insured's recovery against his insurer. It was essential that the uninsured status of the offending motorist be alleged and proved by the party seeking to recover against his own insurer. Talazac v. Phoenix of Hartford Insurance Co., 259 So.2d 636 (4 La.App., 1972) and the cases therein cited."
In Talazac, supra, the court observed:
"It is required that plaintiff prove, under the uninsured motorist clause of the insurance policy relied upon, that the other motorist in the accident was not covered by an automobile liability policy. Macaluso v. Watson, 188 So.2d 178 (La.App.4th Cir., 1966)."
We conclude that prior to January 1, 1973, the effective date of Act 137 of 1972, Louisiana law contained no provision for underinsured motorist coverage. Under the law in effect at the time of the accident at issue here, plaintiffs cannot recover, since the negligent motorist was covered by some liability insurance.
For the reasons assigned, the decision of the district court is affirmed. All costs of this appeal are to be paid by plaintiff-appellant.
AFFIRMED.