GUIDRY, Judge.
Plaintiffs in this action seek to recover for personal injuries they sustained in a motor vehicle accident. Defendants are Julius Landry, and his insurer, Fireman’s Fund Insurance Company, hereinafter referred to as Fireman’s. Plaintiffs by amendment of their petition also named Hartford Accident and Indemnity Company, hereinafter referred to as “Hartford” as a defendant. Hartford is the insurer of the automobile which was being driven by one of the plaintiffs, Debra Prince. Hartford filed a motion for summary judgment. The trial court granted the motion and dismissed the plaintiffs’ suit against Hartford. Plaintiff appealed.
The accident giving rise to this litigation occurred on February 13, 1972, when a car being driven by plaintiff, Debra Prince and owned by Kitty Gentry was struck by an automobile being driven by Barry Landry and owned by Julius Landry. Barry Landry, minor son of the defendant, allegedly lost control of his vehicle and crashed into the Gentry vehicle. Plaintiffs are the driver of the Gentry vehicle, Debra Prince, and her guest passengers, Ruth Walker and Cynthia Lancon. There was in effect at the time of the collision an automobile liability policy issued by Fireman’s to defendant, Landry, which provided liability coverage to Landry, with limits of $5,000.00 per person and $10,000.00 per accident. There was also in effect at that time an automobile liability policy issued by Hartford to Kitty Gentry which provided uninsured motorist coverage on her car in the amount of $10,-000.00. Hartford seeks to be dismissed from this suit on the ground that the Landry vehicle was not an uninsured motor vehicle and therefore Hartford has no responsibility to plaintiffs under the uninsured motorist coverage provided in its policy.
At the time of the alleged accident LSA-R.S. 22:1406(D) provided in pertinent part that no automobile liability insurance policy could be issued in this state unless it provided coverage:
“. . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles . ” (Emphasis supplied)
Act 137 of 1972, which became effective on January 1, 1973 broadened the language of the uninsured motorist statute to provide protection to liability insurance policyholders against an “under-insured motorist” in addition to the uninsured driver. The pertinent section of the amendment reads:
*953 “. . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles.” (Emphasis supplied)
Act 137 of 1972 defined an “underinsured” automobile as one with coverage which is less than the uninsured motorist coverage carried by the insured. This statute was again amended by Act 154 of 1974 so as to provide that an uninsured motor vehicle would be “deemed to include an insured motor vehicle when the automobile liability insurance coverage on such vehicle is less than the amount of damages suffered by an insured.” (Emphasis supplied)
It was stipulated by the parties at the hearing held on the motion for summary judgment that the combined damage of the plaintiffs exceed the $10,000.00 per accident limit of Fireman’s policy.
Plaintiffs first contend that although the accident in question occurred prior to any amendment of LSA-R.S. 22:1406 extending uninsured motorist coverage to accidents involving “underinsured motor vehicles” that such amendments being remedial in nature should be given retroactive effect. This contention of plaintiff has been consistently rejected in decisions of this Court and other appellate courts.
In Doucet v. Insurance Company of North America, 302 So.2d 731, 734 (La.App. 3rd Cir. 1974), certiorari denied 305 So.2d 134 (La.), we held:
“We do not find the 1974 amendment to the law regulating uninsured motorist coverage to be remedial or curative as these terms are used in our jurisprudence. See McGuirt v. Gillespie. 141 La. 586, 75 So. 419 (1917); Fullilove v. U. S. Casualty Company of New York, 129 So.2d 816 , (La.App. 2 Cir. 1961) cert. den. On the contrary, we find that this amendment is a broadening of coverage by the Louisiana Legislature.”
See Richard v. Zurich Insurance Company, 318 So.2d 83 (La.App. 3rd Cir. 1975); Curry v. Travelers Insurance Company, 301 So.2d 757 (La.App. 2nd Cir. 1974), writ refused, 304 So.2d 671 (La.S.Ct.1974); Smith et vir v. State Farm Mutual Automobile Insurance Company, 328 So.2d 679, (La.App. 3rd Cir.). The cited decisions clearly reflect the conclusion that LSA-R.S. 22:1406 prior to the 1972 and 1974 amendments afforded protection against only the “uninsured” driver and did not include an “underinsured motorist”, and that such amendments extending coverage against damages caused by underinsured drivers were not to be given retroactive effect.
Plaintiff also argues that as a result of the accident the defendant Fireman’s has already paid claims in the amount of $6,500.00 with the result that only $3,500.00 remains available of the $5,000.00/$10,-000.00 policy which insured Barry Landry, and thus Landry is an “uninsured motorist” under the Hartford policy. We find no merit in this argument which was likewise rejected by this court in Doucet v. Insurance Company of North America, supra, and Richard v. Zurich Insurance Company, supra.
We conclude that prior to January 1, 1973, the effective date of Act 137 of 1972, Louisiana law contained no provision for underinsured motorist coverage. Plaintiffs in this case cannot recover from their uninsured motorist carrier as the alleged offending driver was covered by some liability insurance. We further conclude that even though the liability coverage provided by the Defendant’s insurance policy was partially depleted defendant was still an insured motorist under the provisions of LSA-R.S. 22:1406(D). The trial court correctly granted Hartford’s motion for summary judgment, dismissing plaintiffs’ claim against Hartford.
For the reasons assigned the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.