BEER, Judge.
When this case was previously before us, certain undisputed basic facts were summarized as follows:
“The parties to this appeal agree that on February 21, 1973 the vehicle in which Mrs. Phillips was riding was rear-ended by a vehicle owned and operated by James J. Barraza, and that the collision was solely caused by his negligence. Bar-raza was insured by a liability policy issued by Empire Fire & Marine Insurance Company containing limits of liability of $5,000 each person and $10,000 each accident. The vehicle in which appellant Rose Phillips was riding was owned by her and driven by Mrs. Ruby McKinney. Mrs. Phillips had a policy with United States Fidelity & Guaranty Insurance Company covering this vehicle with uninsured motorists coverage to the extent of $5,000 per person and $10,000 per accident. The driver, Mrs. McKinney held a policy with Government Employees Insurance Company providing similar uninsured motorist coverage to the extent of $5,000 and $10,000.”[1]
Legal issues raised and dealt with in our previous opinion caused the ultimate outcome of this litigation to be dependent upon the resolution of further factual issues. The matter was remanded, tried on its merits, and resulted in a written factual determination that “Mrs. McKinney was a regular user of Mrs. Phillips’ car.” Our consideration of the record convinces us that there is support for that critical factual determination by the trial judge who saw and heard the witnesses. See: Canter v. Koehring, 283 So.2d 716 (La., 1973).
The trial court entered judgment for $5,113.90[2] in favor of Mrs. Phillips and against Empire, dismissing plaintiff’s suit against USF&G and GEICO. Mrs. Phillips appeals only from the dismissal of the two uninsured motorist carriers, argues that the trial court erred in its factual determination that Mrs. McKinney used plaintiff’s vehicle on a regular basis, and, further, contends that the portion of Mrs. McKinney’s policy which excludes uninsured motorist protection benefits to Mrs. Phillips violates LSA-R.S. 22:1406 and Louisiana’s public policy favoring uninsured motorist protection.
The trial court’s factual finding compels the conclusion that the vehicle occupied by Mrs. Phillips was not an “insured automo *349 bile” under the GEICO policy issued to Mrs. McKinney since that policy protects against uninsured motorists but includes these provisos:
“ ‘Insured’ means .
(1) the named insured .
(2) any other person while occupying an insured automobile .
* ‡ sf: ‡ ‡
“. . . but the term ‘insured automobile’ shall not include ... an automobile furnished for the regular use of the principal named insured or any resident of the same household . . .”
(Emphasis ours.)
Thus, the only uninsured motorist coverage that may be available to Mrs. Phillips is that provided by her own insurer, USF&G. But since that coverage is equal to Empire’s liability coverage of Barraza, Mrs. Phillips’ claim cannot be asserted against USF&G. See Fontenot v. Guillory, 327 So.2d 578, esp. n. 3 at p. 583 (La.App. 3rd Cir., 1976), writs ref., 330 So.2d 314 (La.); Richard v. Zurich Ins. Co., 318 So.2d 83 (La.App. 3rd Cir., 1975); Nolker v. Wallace, 317 So.2d 4 (La. App. 3rd Cir., 1975); Doucet v. Insurance Co. of N. Am., 302 So.2d 731 (La.App. 3rd Cir., 1974), writs ref., 305 So.2d 134 (La.).
Finally, we must reject Mrs. Phillips’ contention that the “regular use” exclusion violates LSA-R.S. 22:1406 and the Louisiana public policy which favors uninsured motorist protection.
Mrs. Phillips cannot be considered as an “insured” under the GEICO policy issued to Mrs. McKinney. The policy would provide coverage for Mrs. Phillips in those instances where she occupied the McKinney automobile but does not provide coverage when she occupied a vehicle not owned by Mrs. McKinney but, nevertheless, furnished for her regular use.
Specifically, Mrs. Phillips does not fit into the definition of an insured and, thus, an essential element of her claim is lacking, public policy to the contrary notwithstanding. Note Elledge v. Warren, 263 So.2d 912 (La.App. 3rd Cir., 1972).
Accordingly, the judgment of the Civil District Court for the Parish of Orleans must be affirmed at appellant’s cost.

AFFIRMED.

. Phillips v. Barraza, 320 So.2d 587 (La.App. 4th Cir., 1975), writs den., 323 So.2d 476, 478 (La.).

. At the commencement of the trial, the parties stipulated that property damages were in the amount of $113.90; the balance of $5,000.00 apparently constituted general damages to Mrs. Phillips.