BEER, Judge.
On July 8, 1977, appellant, Michael Askew, a Florida resident, traveled to Louisiana with his father (appellee) in order to be admitted as an in-patient at River Oaks Hospital in Jefferson Parish. He was 17 years of age at the time of his uncontested admission to River Oaks but would reach the age of majority on July 26, 1977: Though willing to voluntarily enter the hospital on July 8th, he expressed his intention to exercise his majority rights and take his leave from River Oaks on his 18th birthday. Prior to that date, his physicians at River Oaks completed their examinations and commenced active treatment which they felt was imperative to be continued on an uninterrupted basis. Thus, on July 22, 1977, a coroner’s commitment was sought and obtained and Michael’s stay at River Oaks was thereby extended for a period not to exceed 60 days from date of issuance.
On September 6, 1977 (prior to the expiration of the coroner’s commitment), judicial commitment proceedings were instituted in the 24th Judicial District Court under the provisions of R.S. 28:53. The court appointed an attorney to represent Michael, and the petition for commitment and the citation to respond to the petition were served on the court-appointed attorney. No personal service on Michael, individually, was accomplished. A hearing was set for September 12, 1977, within the five days[1] required by R.S. 28:53(A) (Act 614 of 1976), but on that date the hearing was continued until September 27, 1977.
Appellant, through his able counsel, now contends that all proceedings subsequent to September 12th are invalid since not held within the five day statutory period provided for in R.S. 28:53(A) (1976) or *229 within the ten day period provided for by Act 714 of 1977. The trial judge indicated (in his written reasons for judgment) that the continuance from the September 12th hearing date was granted at the request of appellant’s counsel, but appellant here contends that this is not clearly borne out by the record. It is true that the record does not reflect on whose motion the continuance was granted. However, we are convinced that the continuance was sought by appellant’s court-appointed attorney in order to allow appellant’s recently retained counsel to prepare for the hearing. Under these circumstances, the continuance was in order and the proceedings were not nullified by the fact that they were not held within the statutory period.
Thereafter, on September 23, appellant’s retained counsel, Loyola Law Clinic, filed a written motion for continuance of the full commitment hearing which had been reset for September 27, and, on September 26, filed various exceptions alleging procedural and substantive defects in compliance with the 1976 and 1977 mental health acts. Because certain of the exceptions depend upon the applicability of one act or the other, we turn to a determination of which act is applicable here.
The petition for commitment with which we are concerned was filed September 6, 1977, and followed the procedures outlined in R.S. 28:53. Then, prior to the hearing of the matter, Act 714 of 1977 became effective. Should Act 714 have been retroactively applied?
Generally, in Louisiana, laws have prospective, rather than retrospective, application. Paul v. Edwards, 323 So.2d 488 (La.App. 1st Cir. 1975); Doucet v. Insurance Company of North America, 302 So.2d 731 (La.App. 3rd Cir. 1974), writ denied, 305 So.2d 134 (La.1974). The exceptions to this rule are (1) where the language of the statute indicates a clear intent for retrospective application. Shreveport Long Leaf Lumber Co., Inc. v. Wilson, 195 La. 814, 197 So. 566 (1940); and (2) where the statute is remedial or procedural rather than substantive. Parish of Calcasieu, Calcasieu Parish Police Jury v. Traigle, 296 So.2d 418 (La.App. 1st Cir. 1974); Hammond Asphalt Company, Inc. v. Joiner, 270 So.2d 244 (La.App. 1st Cir. 1972); Long Leaf Lumber v. Svolos, 258 So.2d 121 (La.App. 2nd Cir. 1972). There is no language in Act 714 of 1977 which would show an intent to apply the law retroactively.
Appellant contends, however, that Act 714 of 1977 was a procedural revision and should have retroactive effect. Manuel v. Carolina Casualty Insurance Company, 136 So.2d 275 (La.App. 3rd Cir. 1961) provides the applicable rule:
“If the statute is remedial in the sense that it makes only a procedural change in the law, then we think such a statute generally should be given retroactive effect unless the legislature has indicated by appropriate language that it should not be applied retroactively. If the statute, on the other hand, makes a change in the substantive law of the State whether such change is designed to correct errors in provision of prior laws or simply to amend the law for the public good, then we think such a statute should be construed to operate prospectively only, unless the words employed show a clear intention that the statute should have á retroactive effect.” 136 So.2d at 280.
Although the Mental Health Act (Act 714 of 1977) sets forth procedural requisites for commitment, it is obvious that the most basic of substantive rights are clearly involved therein. Furthermore, Act 714 of 1977 is not an amendment to the previous law with minor procedural changes, it is a complete revision of the law of commitment. We hold that the Mental Health Act was intended to, and does, have substantive effect and is not susceptible to retrospective application. Act 614 of 1976 (R.S. 28:53) is the applicable law for this case.
Accordingly, appellant’s contentions with respect to the exceptions of no cause of action (failure to hold a hearing within 10 days of the filing of the petition and to provide notice to respondent of his constitutional rights, as per R.S. 28:54 (1977)); non *230 conformity with R.S. 28:54(B) (1977) (failure of petition to contain sufficient factual allegations and provide respondent with adequate notice of the proceedings); and failure to comply with R.S. 28:54(D) (1977) (the physicians who examined Askew were connected with the treatment facility to which the commitment was being made) are moot.
We turn to appellant’s contention that Jefferson is not the parish of venue, citing Article 42 of the Code of Civil Procedure, which provides that the action
“. . shall be brought in a parish where the process may be, and subsequently is, served on the defendant.” C.C.P. Art. 42(5).
Able counsel argues that service was never made on Michael personally and, thus, there can be no proper venue.
R.S. 28:53(A) provides that:
“Any relative . . . may petition the district court of a patient’s domicile or of the parish where the patient is confined for treatment for the judicial commitment of a patient,”
and has been, we believe, followed. However, failure to serve Michael personally also raises a question of jurisdiction, and, on this issue, appellant argues that the district court never acquired jurisdiction since Michael was a resident of Florida, not of Louisiana. Thus, he contends, jurisdiction could only be obtained through service of process on the defendant, or on his agent for the service of process; or by the submission of the party to the exercise of jurisdiction over him personally by the court, or his express or implied waiver of objections thereto. (See: C.C.P. Art. 6.) Since service was made on his court-appointed counsel, but never personally, Michael argues that the court had no jurisdiction.
In our view, the district court acquired jurisdiction as a result of the general appearance (through retained counsel) on September 23, 1977, when a continuance was requested and denied.
Article 7 of the Code of Civil Procedure provides five specific exceptions to the rule that a party subjects himself to the jurisdiction of the court when he makes a general appearance either personally or through counsel. A motion for a continuance is not one of the named exceptions to that rule. Although it might be argued that a motion for continuance fits within the exception dealing with requests for extension of time within which to plead, the Third Circuit has held to the contrary in Gulf South Research Institute v. Bramlet, 240 So.2d 421 (La.App. 3rd Cir. 1970), writ refused, 257 La. 173, 241 So.2d 531 (1970).
Appellee argues that citation and service were not necessary due to the summary nature of the proceedings (see C.C.P. Art. 1201; R.S. 28:56), but we believe, however summary may be the nature of the proceedings, the service and notice requirement of R.S. 28:53(B) emphasizes the sensitive nature of the constitutional rights here involved. R.S. 28:53(B) provides:
“The patient and his attorney shall be served with notice of the appointment and of the time, date and place of the hearing no later than forty-eight hours prior to the hearing.” (Emphasis ours.)
Thus, in our view, the service and notice requirements were not fully followed. Yet, Michael had timely knowledge of the pending proceedings, retained able counsel, and fully participated in the hearing which resulted in the commitment now appealed from.
The record of those proceedings convinces us that Michael has had his full day in court. It is apparent that the able district judge, before whom these proceedings took place, was much concerned with the serious issues which now confront us. We conclude that he has not manifestly erred nor breached his wide discretion in reaching the decision to commit.
Finally, appellant calls upon us to apply R.S. 28:104, which prohibits the importation of nonresidents into Louisiana for purposes of commitment, and argues that appellee’s actions in disregard of the statute divests Louisiana courts of jurisdiction. We find the statute inapplicable in this case. Michael voluntarily came to Louisiana for the purpose of obtaining treatment *231 at River Oaks and our perusal of the record convinces us that Michael’s father, appellee here, selected the facility at River Oaks Hospital for no other reason than its good reputation and apparent special knowledge in the fields which encompassed Michael’s difficulties.
We exercise our prerogative of complimenting both counsel on their efforts in this difficult matter.
The judgment is affirmed.

AFFIRMED.

LEMMON, J., concurs and assigns reasons.
GULOTTA, J., concurs in result.

. September 11, 1977 was a Sunday.