Dear Mr. Landry:
You have requested an opinion of the Attorney General regarding the authority of the Louisiana Department of Health and Hospitals (DHH) to increase the provider fee it currently imposes upon nursing facilities pursuant to R.S. 46:2625. You specifically ask whether the increase may be imposed without a two-thirds vote of the elected members of each House of the Louisiana Legislature. We believe the following state and federal legal provisions are applicable to the resolution of your issue:
 R.S. 46:2625. Fees on health care providers; disposition of fees
 A. (1) The Department of Health and Hospitals is hereby authorized to adopt and impose fees for health care services provided by the Medicaid program on every nursing facility. . . . In addition, the amount of the fees imposed under the rules and regulations adopted shall not exceed the following:
 (a) Ten dollars per occupied bed per day for nursing facilities.
 Art. VII, § 2.1. Fees and Civil Fines; Limitation
 Section 2.1. (A) Any new fee or civil fine or increase in an existing fee or civil fine imposed or assessed by the state or any board, department, or agency of the state shall require the enactment of a law by a two-thirds vote of the elected members of each house of the legislature.
 (B) The provisions of this Section shall not apply to any department which is constitutionally created and headed by an officer who is elected by majority vote of the electorate of the state. [Added by Acts 1995, No. 1324, § 1, approved Oct 21, 1995, eff. Nov. 23, 1995.]
In addition to the above, Public Law 102-234 authorizes states to impose health care fees for the payment of health care items or services. However, the applicable federal Medicaid regulations were amended by the federal government in 1993 to require that the fee be applied at a rate that produces revenues less than or equal to six percent of the revenues received by the taxpayer. We will assume, for purposes of this opinion, that the fee imposed by DHH does not exceed that allowable by federal Medicaid regulations.
R.S. 46:2621-2625 (House Bill No. 1615 which became Act 260 of the 1992 Regular Session of the Louisiana Legislature) establishes the Louisiana Medical Assistance Trust Fund. The monies in the fund are used exclusively for DHH's operation of the Medicaid program and are generated by fees which DHH is authorized to impose upon, and collect from, certain categories of health care providers, including nursing facilities. The following table reflects the nursing facility provider fees imposed by DHH for years 1992-1997:
 July 1, 1992 $10.00 July 1, 1993 $ 3.68 July 1, 1994 $ 3.93 July 1, 1995 $ 4.00 July 1, 1996 $ 3.78 July 1, 1997 $ 4.22
We have been advised by representatives of DHH that, for fiscal year ending June 30, 1998, the fee generated approximately $74.1 million. The .44¢ increase from 1996 to 1997 generated an additional $4.1 million in revenues. These revenues are generated for the benefit of nursing facilities in the operation of the State's Medicaid program.
This year, DHH is proposing another increase in the provider fee for nursing facilities. The adjustment will result in a fee well below the $10.00 cap established in R.S. 46:2625(A) (1) (a), and within the parameters of federal Medicaid regulations. This brings us to the question at issue, to wit: Does the proposed fee increase require the two-thirds vote of both Houses of the Legislature pursuant to Art. VII, Section 2.1?
Initially, we find that the DHH constitutes a state agency and/or department subject to the provisions of Article VII, Section 2.1(A).
The basic rules of statutory construction and interpretation apply equally to constitutional provisions which are interpreted by the same rules as are other laws. Barnett v. Deville,289 So.2d 129 (La. 1974). We find the following rules of statutory and constitutional construction and interpretation to be relevant to the issue before us.
LSA-C.C. Art. 10. Language susceptible of different meanings
 When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law.
In construing constitutional provisions or amendments, one should ascertain and give effect to the intent of both framers of the amendment and of the people who adopted it and should therefore consider the objects sought to be accomplished by the adoption of the provision. Board of Commissioners of Orleans Levee Districtv. Department of Natural Resources, 496 So.2d 281 (La. 1986).
The general rule of construction, with respect to both statutory and constitutional provisions, is that laws have prospective and not retrospective operation. Exceptions to this rule exist only where a statute is remedial or procedural in nature or where words employed show a clear intent to have retroactive effect.Paul v. Edwards, 323 So.2d 488 (La.App. 1st Cir. 1975).
Initially, we determine that Art. VII, Section 2.1 is neither remedial nor procedural and there is no apparent intent in the language chosen for this amendment to apply retroactively. Thus, under the general principles of construction applicable to statutes and constitutional provisions, the substantative requirements of Article VII, Section 2.1 are to be applied only to those factual situations arising after the amendment's effective date.
As previously noted, R.S. 46:2625(A) (1) (a) was enacted in 1992, long before Section 2.1 which was approved by the electorate on October 21, 1995, and effective November 23, 1995.
The primary purpose for the enactment of Section 2.1 was to grant the legislature more oversight over fees being unilaterally imposed and increased by state agencies pursuant to their rule-making powers. Section 2.1 vests the legislature with the authority to, in effect, limit the imposition of new fees and the increase of already existing fees by requiring the approval thereof by two-thirds vote of both Houses of the Legislature.
The Legislature, with the adoption of Section 2625(A) (1) (a), has already limited the fee in question to $10.00 per occupied bed per day. A review of the House and Senate Legislative Calendars reveals that House Bill No. 1615 passed both Houses with at least a two-thirds vote of the elected members of each.
It is the opinion of this office that the provisions of Section 2.1(A) would not apply to an increase in the provider fee for nursing facilities, as long as the increase does not result in a fee in excess of the $10.00 cap previously established by the legislature. Should the proposed increase result in a fee in excess of $10.00, it would constitute an increase of an existing fee which would require the approval mandated by Section 2.1(A).
A conclusion to the contrary would result in the improper retroactive application of a substantive constitutional provision to factual situations in existence before the amendment's effective date. In addition, it would amount to legislative duplicity by imposing upon the legislature that which it has already done. By establishing the $10.00 cap, the legislature has accomplished the object for which Section 2.1 was enacted — i.e., legislative oversight over the fees, in question.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/Rob3/cla
Date Received:
Date Released:
Robert E. Harroun, IIIAssistant Attorney General