359 So.2d 223 (1978)
Patrick GUILLORY
v.
Delbert Bob McCLINTON et al.
No. 11989.
Court of Appeal of Louisiana, First Circuit.
May 1, 1978.
Frank P. Trosclair, Jr., Taylor, Trosclair & Richard, Opelousas, for plaintiff and appellant.
Raymond Morgan Allen, Lafayette, and C. W. Franklin, Baton Rouge, for defendants and appellees.
Before LOTTINGER, EDWARDS and PONDER, JJ.
PONDER, Judge.
This is a suit against the executive officers and supervisory personnel of plaintiff's employer. The lower court dismissed on the grounds that Act 147 of 1976 amending R.S. 23:1032 and 23:1101 was retroactive in application. We reverse and remand.
The general rule is that statutes are of prospective application only. The exceptions occur when (1) the statute expressly provides that it is to be applied retroactively; (2) when the statute is procedural; (3) when it is interpretative; and (4) when it is curative or remedial.
Act 147 of 1976 does not expressly provide that it should be retroactive in application. The assertions that the statute was procedural, interpretative, curative or remedial were made and answered negatively in Green v. Liberty Mutual Insurance Company, 352 So.2d 366 (La.App. 4th Cir., 1977); writ refused, La., 354 So.2d 210 (1978) and Billedeaux v. Adams, 355 So.2d 1345 (La.App. 3d Cir., 1978).
For these reasons, we reverse and remand at appellees' costs.
REVERSED AND REMANDED.