359 So.2d 634 (1978)
Gordon WILKINSON
v.
Charles VICCINELLI et al.
No. 11945.
Court of Appeal of Louisiana, First Circuit.
May 1, 1978.
William H. Cooper, Jr., Baton Rouge, of counsel for plaintiff-appellant Gordon Wilkinson.
Arthur H. Andrews, Baton Rouge, of counsel for defendant-appellee Charles Viccinelli.
Daniel R. Atkinson, Baton Rouge, of counsel for defendant-appellee Stanley A. Ponson.
L. Michael Cooper, Baton Rouge, of counsel for defendant-appellee Saia Elec. Co., Inc.
Before BLANCHE, COVINGTON and CHIASSON, JJ.
BLANCHE, Judge.
Plaintiff-appellant, Gordon Wilkinson, is appealing the granting of a motion for summary judgment by the trial court which dismissed his suit based on the "officer-executive" tort theory, against defendants-appellees, Charles Viccinelli, Lawrence Roppolo and Bituminous Casualty Company.
Neither written nor oral reasons were given by the trial judge, but the judgment has the obvious effect of holding that Act 147 of 1976, which precludes "officer-executive" suits, was retrospective in effect. The Act was approved by the Governor on July 16, 1976, and published in the Official Journal of the state on July 30, 1976, becoming effective October 1, 1976.
Plaintiff alleges in his petition that he suffered an injury on June 16, 1975, and claims that his injuries were caused by the negligence of the supervisory personnel of his employer. He names these supervisors along with their insurer as defendants.
It is a general rule that all legislative acts are prospective in effect, absent an explicit expression in the act that it is (1) retroactive, (2) remedial in purpose or (3) involves procedural matters. None of these are applicable to Act 147 of 1976.
The identical issue was raised in Green v. Liberty Mutual Insurance Company, 352 So.2d 366 (La.App. 4th Cir. 1977); writs denied, 354 So.2d 210 (La.1978). Our brethren of the Fourth Circuit found that Act 147 of 1976 was not retrospective in effect for reasons with which we concur.
Accordingly, we reverse and set aside the judgment of the trial court and render judgment herein in favor of plaintiff, denying the motion for summary judgment. This case is remanded to the trial court for trial on the merits. The costs of this appeal are to be paid by defendants-appellees.
REVERSED AND REMANDED.