HALL, Judge.
In this wrongful death action arising out of an on-the-job accident which happened prior to the effective date of Act 147 of 1976, amending LSA — R.S. 23:1032 and 1101, the district court held the act to be retroactive, sustained a peremptory exception of no right of action and no cause of action, and dismissed the plaintiff’s and third-party-plaintiffs’ demands against an executive officer of the decedent’s employer and the executive officer’s liability insurer.
Act 147 of 1976 cannot be applied retroactively so as to bar a cause of action against an executive officer of an employer arising out of an accident which occurred prior to the effective date of the act. Bostick v. International Minerals & Chemical Corporation, 360 So.2d 898 (La.App. 2d Cir. 1978); Guillory v. McClinton, 359 So.2d 223 (La.App. 1st Cir. 1978); Wilkinson v. Viccinelli, 359 So.2d 634 (La.App. 1st Cir. 1978); Billedeaux v. Adams, 355 So.2d 1345 (La.App. 3d Cir. 1978); Green v. Liberty Mutual Insurance Company, 352 So.2d 366 (La.App. 4th Cir. 1977), writ refused 354 So.2d 210 (La.1978).
*1151 The judgment of the district court is reversed; the peremptory exception of no right of action and no cause of action is overruled; the action is remanded to the district court for further proceedings; and the costs of appeal are assessed to appellees, John Carr Burgess and Hartford Accident & Indemnity Company.
Reversed and remanded.