387 So.2d 706 (1980)
Bobby LEWIS et ux., Plaintiffs-Appellants,
v.
Leslie Michael TILL et al., Defendants-Appellees.
No. 7630.
Court of Appeal of Louisiana, Third Circuit.
August 11, 1980.
Trimble, Randow, Smith & Wilson, Alonzo P. Wilson, Alexandria, for plaintiffs-appellants.
Bolen & Erwin, James A. Bolen, Jr., Gist, Methvin, Hughes & Munsterman, DeWitt T. Methvin, Jr., Alexandria, Thomas & Dunahoe, G. F. Thomas, Jr., Natchitoches, Gold, Little, Simon, Weems & Bruser, Eugene J. *707 Sues, W. T. Armitage, Jr., Alexandria, for defendants-appellees.
Before FORET, STOKER and LABORDE, JJ.
STOKER, Judge.
The plaintiffs brought this suit to recover damages for the death of their minor son. The child died from injuries received as the result of being backed over by a vehicle driven by the defendant, Leslie Michael Till, a minor at the time. Among the defendants in the lawsuit are Leslie Michael Till, his parents, Barney N. Eubanks and Barbara Jean Eubanks, Insured Lloyds (the alleged liability insurer of Leslie Michael Till), Ohio Casualty Insurance Company and State Farm Mutual Automobile Insurance Company (the alleged uninsured and underinsured motorist carriers). Also made a defendant in the lawsuit is Fireman's Fund Insurance Company, the homeowner's insurer of the plaintiffs, Bobby and Jennifer Lewis.
The plaintiffs' claim against their homeowner's insurance carrier is based on their alternative allegation that in the event plaintiff, Jennifer Bertram Lewis, is found to be negligent or contributorily negligent, then plaintiff, Bobby Lewis, is entitled to recover his damages from Fireman's Fund as the homeowner's insurer of Jennifer Bertram Lewis. In asserting this claim Mr. Lewis invokes the personal liability coverage allegedly afforded to Mrs. Lewis under their homeowner's policy.
Fireman's Fund Insurance Company filed a Motion for Summary Judgment contending that if Jennifer Bertram Lewis was negligent then recovery by Bobby Lewis would be barred.

HUSBAND'S CLAIM FOR GENERAL DAMAGES
On the Motion for Summary Judgment, the trial court held that Mr. Lewis' claim for general damages would be barred if his wife was negligent or contributorily negligent. The court reasoned that Mrs. Lewis' negligence, which precludes her from recovering for the wrongful death of her son or for his pain and suffering, is imputed to her husband so as to bar his recovery also.
The trial court's decision was based on a recent decision of this court in Carter v. Salter, 351 So.2d 312 (La.App. 3rd Cir., 1977). That case involved a very similar factual situation to the one before us. In Carter, the plaintiffs brought suit against their neighbors and their neighbors' homeowner's insurer to recover damages resulting from their neighbors' motorcycle falling and crushing their two-year old son. The child and his mother had been visiting their neighbors when the accident occurred. Apparently the motorcycle was not in a steady position, being held in place by the side kickstand rather than a center stand which raised the back wheel.
The homeowner and the child's mother were found to be negligent in failing to take precautions against the accident because the motorcycle had fallen between ten and thirty minutes before the fatal accident occurred, a fact of which the mother, Mrs. Carter, was aware. We held that the mother's negligence precluded her from recovering for the wrongful death of her son or for his pain and suffering. The mother's negligence was imputed to her husband which barred his recovery for the wrongful death of their son or for the survival action.
The principle underlying the Carter decision, that the negligence of the wife is imputed to the husband, has been well established in the jurisprudence of this state. The courts have relied on the fact that the damages recoverable by the husband in Louisiana are community property as a theoretical basis for imputing the negligence of the wife to the husband and thus preventing the wife from indirectly profiting by the enrichment of the community. Carter v. Salter, supra.
The negligence of the husband traditionally has not been imputed to the wife because the damages she recovers have been her separate property. Vitale v. Checker, 166 La. 527, 117 So. 579 (La.1928).
*708 We recognized the problem of imputed negligence in the Carter case when we said, speaking through then Judge Watson:
"The distinction drawn in Vitale, supra, between imputing the husband's negligence to the wife and the wife's to the husband, although tenuous and without practical justification, has remained the law in Louisiana."

EFFECT OF CIVIL CODE ARTICLE 2344 AS AMENDED
Appellant points out that Article 2344 of the Louisiana Civil Code (as amended by Act 709 of 1979) now provides that damages resulting from personal injury of both the husband and the wife are their separate property. Although this amendment did not go into effect until after the accident which led to this litigation, appellant argues persuasively that, because of the amendment, the theoretical basis for Carter is no longer valid. Unfortunately for plaintiff-appellant we are not in a position to consider in this case the validity of his argument. The Louisiana Legislature amended LSA-C.C. art. 2344 effective January 1, 1980, by means of Act 709 of 1979, to place men in the same position as women with respect to recovery of damages for personal injuries. This amendment made a substantive change in the law on this subject. Since the amendment dealt with a change in substantive law, it cannot be given retroactive effect. A substantive law is presumed to be prospective in effect, and it should not be applied retroactively unless the language used by the Legislature shows a clear intent that it should be given a retroactive effect. O'Banion v. Allstate Insurance Company, 347 So.2d 878 (La.App. 3rd Cir., 1977); Wilkinson v. Viccinelli, 359 So.2d 634 (La.App. 1st Cir., 1978), writ denied 360 So.2d 198 (La.1978) and Green v. Liberty Mutual Insurance Company, 352 So.2d 366 (La.App. 4th Cir., 1977), writ denied 354 So.2d 210 (La.1978).
As we have found no provision in the amending statute indicating it was intended by the Legislature to be given retroactive effect, we must apply the law governing before the amendment. Inasmuch as Carter v. Salter, supra, represents the proper interpretation of the prior law, we apply it to the facts of this case. Accordingly, the negligence of Mrs. Lewis is imputed to Mr. Lewis, as the plaintiff here, resulting in a bar to recovery by him.

SURVIVAL ACTIONS
The law as to the survival actions asserted in this case is the same as that applied to Mr. Lewis' claim for general damages. In Carter v. Salter, supra, we stated:
"Likewise, under the jurisprudence of this circuit, both Mrs. Carter and Mr. Carter are barred from recovering in their survival actions for Brent's pain and suffering by Mrs. Carter's negligence and its imputation to her husband. Moore v. Kinney, 315 So.2d 340 (La.App. 3 Cir. 1975)."
Therefore, Fireman's Fund Insurance Company, would not be liable in the survival actions based on any pain and suffering the Lewis' son experienced before he expired. The granting of the Motion for Summary Judgment as to such damages was also proper.

CONSTITUTIONAL QUESTIONS
The appellant, in his brief to this court, argues that the rule of law which imputes the wife's negligence to the husband and bars his recovery but does not impute the husband's negligence to the wife to bar her recovery is an unconstitutional discrimination based on sex. We do not consider the merits of this issue for the reason that the issue of constitutionality was not pleaded or raised in the trial court. As stated by the Louisiana Supreme Court in Johnson v. Welsh, 334 So.2d 395 (La. 1976):
"It is well settled that all laws are presumed to be constitutional until the contrary is made to appear, and that as a general rule a litigant cannot raise the unconstitutionality of a statute unless its unconstitutionality is specially pleaded and the grounds particularized. Summerell *709 v. Phillips, 258 La. 587, 247 So.2d 542 (1971) and cases cited therein; City of Shreveport v. Pedro, 170 La. 351, 127 So. 865 (1930). As a corollary of this rule, a litigant who fails to plead the unconstitutionality of a statute in the trial court cannot raise the constitutional issue in the appellate court. E. g., Summerell v. Phillips, supra; Maher v. City of New Orleans, 256 La. 131, 235 So.2d 402 (1970); State ex rel. McAvoy v. Louisiana State Board of Medical Examiners, 238 La. 502, 115 So.2d 833 (1959); Southern Enterprises v. Foster, 203 La. 133, 13 So.2d 491 (1943)."

FUNERAL EXPENSES
The appellee has answered this appeal and urges a reversal of the trial court's judgment insofar as it denied their Motion for Summary Judgment relative to funeral expenses. The trial court held that funeral expenses were not excluded by the terms of the policy or by our holding in Carter v. Salter, supra. In Carter v. Salter, supra, we held that medical and funeral expenses were not an enrichment of the community but a re-imbursement of a monetary loss. We cited McHenry v. American Employers' Insurance Company, 206 La. 70, 18 So.2d 656 (1944) for the proposition that a wife's negligence is not imputed to the husband to preclude recovery of damages for his personal injuries which would re-imburse rather than enrich the community.
The particular provisions of the homeowner's policy upon which the mover relies are found in Section II of the policy under "COVERAGE F-MEDICAL PAYMENTS TO OTHERS." We set forth here the pertinent provisions upon which the mover apparently relies.
Section II of the policy states:
"COVERAGE F-MEDICAL PAYMENTS TO OTHERS
This Company agrees to pay all reasonable medical expenses, incurred within one year from the date of the accident, to or for each person who sustains bodily injury to which this insurance applies caused by an accident, while such person is:
1. on an insured premises with the permission of any Insured; or
2. elsewhere, if such bodily injury

a. arises out of a condition in the insured premises or the ways immediately adjoining,
b. is caused by the activities of any Insured, or by a residence employee in the course of his employment by any Insured,
c. is caused by an animal owned by or in the care of any Insured, or
d. is sustained by any residence employee and arises out of and in the course of his employment by any Insured." (Emphasis added)
The exclusion clause applicable to Coverage F states in pertinent part:
"This policy does not apply:
* * * * * *
3. Under Coverage F-Medical Payments to others
* * * * * *
b. to bodily injury to:

(1) any Insured under Parts (1) and (2) of the definition of `Insured',

(2) any person, other than a residence employee, regularly residing on any part of the insured premises, or
(3) any person while on the insured premises because a business is conducted or professional services are rendered thereon."
Medical expenses in Coverage F are defined as:
". . . expenses for necessary medical, surgical, x-ray, dental services, including prosthetic devices, ambulance, hospital, professional nursing and funeral services." (Emphasis added)
In ruling on the Motion for Summary Judgment the trial court did not elucidate the reasons for holding that medical payments to Mr. Lewis were excluded but that the funeral expenses were not.[1] We pretermit *710 a consideration of this question because of our analysis set forth below.
Presumably the court focused on Coverage F only. We note the possibility that coverage might exist under COVERAGE E-PERSONAL LIABILITY. Paragraph two of the petition alleges that the accident occurred "in the driveway of 2228 Madeline Street, Alexandria, Rapides Parish, Louisiana." We are not told to whom the premises belonged. Therefore, the premises were not necessarily those of Mr. and Mrs. Bobby Lewis under this allegation. The petition alleges that the vehicle in question was a 1973 GMC pickup truck which was being backed up at the time by Leslie Michael Till. Barbara Jean Eubanks is alleged to have been the legal custodian of Leslie Michael Till. No allegations, affidavits or depositions disclose who purported to be the owner of the 1973 GMC pickup truck.
In the case before us the claim of plaintiff-appellant Bobby Lewis against the homeowner's insurer for damages is against his own insurer as a provider of personal liability coverage to his wife as an insured under the policy. See paragraph twenty-one, added to plaintiffs' petition through the first supplemental and amending petition. In Carter v. Salter, supra, on the other hand, the insurer sued was the homeowner's insurer of the Salters on whose premises the accident occurred.
Under Coverage E of the policy it is stated:
"This Company agrees to pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage, to which this insurance applies, caused by an occurrence."
Under exclusions it is provided that the policy does not apply under Coverage E for personal liability "to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of: . . . (2) any motor vehicle owned or operated by, or rented or loaned to any Insured; but this subdivision (2) does not apply to bodily injury or property damage occurring on the residence premises if the motor vehicle is not subject to motor vehicle registration because it is used exclusively on the residence premises or kept in dead storage on the residence premises; or (3) any recreational motor vehicle owned by any Insured, if the bodily injury or property damage occurs away from the residence premises; but this subdivision (3) does not apply to golf carts while used for golfing purposes."
A reading of the above exclusions would indicate that they would have no application unless the 1973 GMC pickup truck belonged to the Lewis', or rather was "owned or operated by, or rented or loaned to any Insured" under the Lewis policy.
Under our analysis there very well may be coverage for medical expenses and funeral expenses under Coverage E for personal liability. Thus, a material issue of fact exists. Under the circumstances the trial court erred in ruling on the question of medical payments and funeral expenses on a Motion for Summary Judgment. We do not reach the question of the correctness of the trial court's construction of Coverage F with reference to medical and funeral expenses. Therefore, we reverse as to that portion of the trial court's judgment granting the Motion for Summary Judgment relating to coverages under Coverage F.
For the foregoing reasons we affirm so much of the trial court's judgment as dismissed plaintiff Bobby Lewis' claim against *711 Fireman's Fund Insurance Company for general damages, and we reverse so much of the trial court's judgment as denied Mr. Lewis' claim for medical payments and held that funeral expenses were not excluded by the terms of the policy. This case is remanded to the trial court for further proceedings consistent with our holding herein. The cost of this appeal shall be borne equally by plaintiff-appellant, Bobby Lewis and defendant-appellant, Fireman's Fund Insurance Company.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
NOTES
[1] The ruling of the trial court is set forth in full as follows:

"Ruling on Motion for Summary Judgment
Fireman's Fund Insurance Company filed a motion for summary judgment, citing Carter v. Salter, La.App., 351 So.2d 312. I find that Mr. Lewis' claim for general damages against Fireman's Fund Insurance Company is barred by the holding in the Carter case. Also, the exclusion of medical payment coverage under the policy, page 4, number 3b(1), excludes medical payments to Mr. Lewis. I do not find that the funeral expenses are excluded by the terms of the policy or the holding of the Carter case.
The motion for summary judgment is granted with respect to all claims except the funeral expenses."