**FRITO–LAY, INCORPORATED**

v.

**WAPCO CONSTRUCTORS, INCORPORATED.**

**Civ. A. No. 81–147–B.**

United States District Court,· M. D. Louisiana.

Aug. 17, 1981.

188

Larry S. Bankston, Gill, Bankston & Morgan, Baton Rouge, La., for plaintiff.

Wendell G. Lindsay, Jr., Lindsay, Seago & Marcel, Baton Rouge, La., for defendant.

POLOZOLA, District Judge.

Frito-Lay, Incorporated (Frito-Lay) filed this suit against Wapco Constructors, Incorporated (Wapco) for breach of contract. Thereafter, Wapco filed a counter-claim against Frito-Lay to recover retainage funds. Wapco also filed a third party action (which was erroneously entitled as a cross-claim) against Ed Nicholson and Ed Nicholson Associates, Inc. In this third party action, Wapco claims the Nicholson defendants defamed it and as a result, seeks both general and punitive damages and attorney fees.

This matter is now before the Court on the motion of the third-party defendants, Ed Nicholson and Ed Nicholson Associates, Inc., to dismiss the defendant, Wapco's, third-party complaint seeking punitive damages and attorney fees. No oral argument is required on this motion.

The defendant has amended his original third-party complaint to read as follows:

"On belief and information Wapco alleges that Associates and Nicholson intentionally and with malice have pursued a course of conduct designed to damage Wapco financially and injure its standing with its client and business associates, employing among other things, liabelous [sic] and slanderous statements made prior to the repeal of Louisiana Civil Code Article 2315.1 with knowledge of their falsity or with reckless disregard of whether they were false; . . ."

 The Court must first determine whether the defendant has properly alleged a claim for defamation. It is well settled that a complaint should not be dismissed under Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Sisk v. Texas Parks and Wildlife Dept.*, 644 F.2d 1056 (5 Cir. 1981); *Oaxaca v. Roscoe*, 641 F.2d 386 (5 Cir. 1981); *Miller v. Stanmore*, 636 F.2d 986 (5 Cir. 1981); *Swilley v. Alexander*, 629 F.2d 1018 (5 Cir. 1980); *Thompson v. Bass*, 616 F.2d 1259 (5 Cir. 1980); *Gay Student Services v. Texas A & M University*, 612 F.2d 160 (5 Cir. 1980); *Reeves v. City of Jackson, Mississippi*, 532 F.2d 491 (5 Cir. 1976); *Matthews v. United States*, 456 F.2d 395 (5 Cir. 1972); *Cook & Nichol, Inc. v. Plimsoll Club*, 451 F.2d 505 (5 Cir. 1971). Moreover, the well pleaded material allegations of the complaint must be taken as admitted and viewed in the light most favorable to the plaintiff. *Scheur v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Mann v. Adams Realty Co., Inc.*, 556 F.2d 288 (5 Cir. 1977); *Singleton v. Foreman*, 435 F.2d 962 (5 Cir. 1970); Rule 8(f) Federal Rules of Civil Procedure. The plaintiff need not set forth all the facts upon which the claim is based; rather, a short and plain statement of the claim is sufficient if it gives the defendant fair notice of what the claim is and the grounds upon which it rests. *George C. Frey Ready-Mix Con. v. Pine Hill C.M.*, 554 F.2d 551 (2 Cir. 1977); *Mann v. Adams Realty Co., Inc.*, supra; Rule 8(a)(2), Federal Rules of Civil Procedure. Furthermore, it is not necessary to plead evidence or the facts upon which the claims are based. *Geisler v. Petrocelli*, 616 F.2d 636 (2 Cir. 1980); *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434 (3 Cir. 1977),

cert. denied, 434 U.S. 1086, 98 S.Ct. 1280, 55 L.Ed.2d 791 (1978); *Speed Auto Sales, Inc. v. American Motors Corp.*, 477 F.Supp. 1193 (E.D.N.Y.1979). If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, a party may file a motion for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure. *Sisk v. Texas Parks and Wildlife Dept.*, supra at 1058.

 It is clear that allegations of libel and slander do not require special pleadings under the Federal Rules of Civil Procedure. *Geisler v. Petrocelli*, supra; Rule 8, Federal Rules of Civil Procedure. A review of the pleadings herein reveals that Wapco has satisfied the "notice pleadings requirements of the Federal Rules of Civil Procedure. Although the allegation in the third party complaint is not detailed, it does state a claim upon which relief can be granted. The third party defendants may seek additional information through the available discovery provisions of the Federal Rules of Civil Procedure.

Wapco seeks recovery of punitive damages and attorney fees in conjunction with its claim for defamation against the third-party defendants relying on former La.C.C. article 2315.1, which stated in pertinent part:

> "In addition to general and special damages, the plaintiff who obtains a judgment because of having been defamed, libeled, or slandered may be awarded punitive damages and reasonable attorney fees, if it is proved that the defamatory, libelous, or slanderous statement on which the action is based was made with knowledge of its falsity or with reckless disregard of whether it was false or not."

Article 2315.1 was created by Act No. 217 of 1976 which was approved on July 29, 1976. Act No. 324 of 1980 which was approved on July 15, 1980, repealed Article 2315.1 of the Louisiana Civil Code. The third-party defendants contend that Wapco's defamation claims are in the nature of quasi offenses and, thus, punitive damages and attorney fees are not recoverable under present Louisiana law.

 It is well settled in Louisiana that punitive damages are not recoverable in civil cases unless specifically authorized by statute. *Baggett v. Richardson*, 473 F.2d 863 (5 Cir. 1973); *Fagot v. Ciravola*, 445 F.Supp. 342 (E.D.La.1978); *Commercial Union Ins. Co. v. Upjohn Co.*, 409 F.Supp. 453 (W.D.La.1976); *Ricard v. State*, 390 So.2d 882 (La.1980); *Killebrew v. Abbott Laboratories*, 359 So.2d 1275 (La.1978); *Alexander v. Burroughs Corp.*, 359 So.2d 607 (La.1978); *Fowler v. Western Union Tel. Co.*, 357 So.2d 1305 (La.App. 3 Cir. 1978), writ denied, 359 So.2d 196 (La.1978); *Post v. Rodrigue*, 205 So.2d 67 (La.App. 4 Cir. 1967). It is also settled that a defamation action is a quasi offense which is actionable under 2315 of the Louisiana Civil Code. *Vicknair v. Daily States Pub. Co.*, 153 La. 677, 96 So. 529 (1923); *Wilson v. Capital City Press*, 315 So.2d 393 (La.App. 3 Cir. 1975), writ denied, 320 So.2d 203 (1975). In 1976, however, the Louisiana legislature enacted Act No. 217 which allowed a party to recover punitive damages and attorney fees in defamation cases. See former La. C.C. article 2315.1. Therefore, from July 29, 1976 to July 15, 1980, punitive damages and attorney fees were allowed in actions for defamation filed pursuant to article 2315.1 of the Louisiana Civil Code.

 The issue now before the Court is whether Act No. 324 of 1980 which repealed La. C.C. Art. 2315.1 should be applied retroactively thereby barring the award of punitive damages and attorney fees in this case or whether the Act should be applied prospectively only. Art. 8 of the Louisiana Civil Code sets forth the rule of statutory construction in Louisiana:

> "A law can prescribe only for the future; it can have no retrospective operation, nor can it impair the obligation of contracts."

Generally a law is deemed to be prospective in effect unless its language clearly indicates otherwise or unless it fits within one of the exceptions to the rule which allows retroactive effect to laws which are interpretive, remedial, curative or procedural.

*Ardoin v. Hartford Acc. & Indem. Co.*, 360 So.2d 1331 (La.1978); *Miller v. Board of Directors of Firemen's Pension and Relief Fund of City of Lake Charles*, 378 So.2d 973 (La.App. 3 Cir. 1979), writ denied, 379 So.2d 1104 (La.1980); *Orleans Parish School Bd. v. Pittman Const. Co., Inc.*, 372 So.2d 717 (La.App. 4 Cir. 1979); *Wilkinson v. Viccinelli*, 359 So.2d 634 (La.App. 1 Cir. 1978), writ denied, 360 So.2d 198 (La.1978); *Commitment of Askew*, 359 So.2d 227 (La.App. 4 Cir. 1978); *Guillory v. McClinton*, 359 So.2d 223 (La.App. 1 Cir. 1978); *Billedeaux v. Adams*, 355 So.2d 1345 (La.App. 3 Cir. 1978); *Green v. Liberty Mut. Ins. Co.*, 352 So.2d 366 (La.App. 4 Cir. 1977), writ denied, 354 So.2d 210 (La.1978); *Merrill v. Sunbeam Corp.*, 344 So.2d 445 (La.App. 1 Cir. 1977), writ denied, 346 So.2d 710 (La.1977); *Paul v. Edwards*, 323 So.2d 488 (La.App. 1 Cir. 1975); *Doucet v. Insurance Company of North America*, 302 So.2d 731 (La.App. 3 Cir. 1974), writ denied, 305 So.3d 134 (La. 1974).

Procedural matters established by statute can have retroactive effect in the absence of law showing a contrary intention. However, substantive matters are presumed to be prospective in effect only, and they should not be applied retroactively unless the language used by the legislature shows a clear intent that they should be given retroactive effect. *Lott v. Haley*, 370 So.2d 521 (La.1979); *State v. Ferguson*, 358 So.2d 1214 (La.1978); *Johnson v. Fournet*, 387 So.2d 1336 (La.App. 1 Cir. 1980); *Lewis v. Till*, 387 So.2d 706 (La.App. 3 Cir. 1980); *Richard v. Hebert's Creamery, Inc.*, 359 So.2d 1088 (La.App. 3 Cir. 1978); *O'Banion v. Allstate Insurance Company*, 347 So.2d 878 (La.App. 3 Cir. 1977); *Wilkinson v. Viccinelli*, supra; *Green v. Liberty Mut. Ins. Co.*, supra.

Prior to July 29, 1976, Art. 2315 of the Louisiana Civil Code barred the award of punitive damages and attorney fees in defamation cases. After the adoption of La. C.C. Art. 2315.1, however, an individual could maintain an action in defamation and recover punitive damages and attorney fees if the statement was made with knowledge of its falsity or with reckless disregard of whether it was false or not. Although the contract which is the subject matter of the litigation now pending before the Court was entered into on or about February 7, 1979, there is no evidence in the record which establishes when the alleged defamatory conduct occurred.

It is clear that the intent of the Legislature was to eliminate specific awards for punitive damages and attorney fees in defamation cases. The right to recover punitive damages and attorney fees under article 2315.1 is a "substantive" law. In *Manuel v. Carolina Casualty Insurance Company*, 136 So.2d 275 (La.App. 3 Cir. 1961), the Court defined "substantive law" as follows:

"The term 'substantive law' is defined in Black's Law Dictionary Fourth Edition, as:

'That part of law which creates, defines, and regulates rights, as opposed to "adjective or remedial law," which prescribed method of enforcing the rights or obtaining redress for their invasion. *Maurizi v. Western Coal & Mining Co.*, 321 Mo. 378, 11 S.W.2d 268, 272; *Mix v. Board of Com'rs of Nez Perce County*, 18 Idaho 695, 112 P. 215, 220, 32 L.R.A., N.S., 534.'

In *Matney v. Blue Ribbon*, La.App. 2 Cir., 12 So.2d 249, 253 (Affirmed by Supreme Court, 202 La. 505, 12 So.2d 253), the Second Circuit Court of Appeal said:

'Black's Law Dictionary, 3d Ed., defines "substantive law" to be that part of the law which courts are established to administer as opposed to the rules according to which the substantive law itself is administered. It is that part of the law which creates, defines and regulates rights as opposed to adjective or remedial law which prescribes the method of enforcing rights or of obtaining redress of their invasion.'"

The Court finds that Act 324 of 1980 which repealed Article 2315.1 clearly made a change in the substantive law in Louisiana insofar as the recovery of punitive damages and attorney fees in defamation

cases is concerned. Clearly, a law which repeals a substantive law and in so doing extinguishes a right and cause of action, is substantive itself. For this reason Act No. 324 of 1980 cannot have retroactive effect and must, therefore, be applied prospectively only.

■ As noted earlier, the third party complaint does not allege when the alleged defamatory conduct occurred. If the alleged conduct occurred prior to July 15, 1980, Wapco's third party complaint does assert a proper claim for punitive damages and attorney fees. If the alleged conduct occurred subsequent to July 15, 1980, Wapco is not entitled to recover punitive damages and attorney fees.

The Court believes that Wapco should be required to amend its third party complaint to assert with particularity the date or dates when the alleged defamatory acts complained of occurred.

Therefore:

IT IS ORDERED that the motion of Ed Nicholson and Ed Nicholson Associates, Inc. to dismiss be and it is hereby DENIED.

IT IS FURTHER ORDERED that Wapco Contractors, Inc. be and it is hereby ordered to file an amended third party complaint within 15 days, which shall set forth the date or dates on which the alleged defamatory acts complained of herein occurred. If Wapco Contractors, Inc. fails to timely and properly amend its third party complaint its claim for punitive damages and attorney fees shall be dismissed.

The Court reserves to Ed Nicholson and Ed Nicholson Associates, Inc. to reurge their motion to dismiss after Wapco Contractors, Inc. has filed an amended third party complaint as ordered herein.