WICKER, Judge.
Professional Construction Services, Inc. (PCSI) appeals a summary judgment rendered in favor of the Parish of Jefferson. We affirm.
The Parish and PCSI entered into a public works contract on February 8, 1985. The Parish accepted the work on June 4, 1986. The Parish engineer approved the work and a clear lien and privilege certificate was issued on July 29, 1986. The Parish failed to pay when due; and PCSI sued on September 11, 1986, under the Public Works Act, for the amount of the contract, interest, damages, litigation costs, and attorney’s fees.
Several hearings and partial judgments resulted in PCSI’s being awarded the full amount of its contract, interest, and costs; and all these amounts have been paid by the Parish. A final summary judgment denied PCSI’s claim for attorney’s fees, the trial judge having found that the provision of the law which would allow such an award was added after the contract between the Parish and PCSI was signed. PCSI appeals on this issue.
By its answer, the Parish raised the issues of interest computation and denial of its exceptions. However, the Parish and PCSI entered into a compromise and release of the disputed interest claims; and the Parish paid the interest. This is therefore moot. Our affirmance on the attorney fee issue makes the denial of the res judica-ta exception also moot.
The issues are whether or not the attorney’s fee remedy had to be in existence at the time the contract was signed rather than at the time the cause of action arose and whether La.R.S. -38:2191B, which was adopted August 30, 1986, is retroactive.
Any agency, department, or political subdivision failing to make any final payments after formal final acceptance and within forty-five days following receipt of a clear lien certificate by the agency, department, or political subdivision shall be liable for reasonable attorneys fees.
In ruling against PCSI and in favor of the Parish on the attorney fee issue, the trial judge reasoned in part:
The statute was enacted in 1986. The contract between Professional and the Parish was entered into in 1985. The general rules in Louisiana are that “no section of the Revised Statutes is retroactive unless it is expressly so stated.” ...; and, substantive laws can only have prospective application. La.Civ.Code Art. 6 Comments (West 1988); Green v. Liberty Mutual Insurance, 352 So.2d 366 (La.App. 4th Cir.1977). The exception to these rules is that when the law is remedial it can have a retroactive application. Id. Therefore, in order for Professional to be granted attorney’s fees under R.S. 38:2191 the Court must find that the statute is remedial.
The only case found by this Court that addressed the issue of retroactive application of Louisiana laws awarding attorney fees was Frito-Lay, Inc. v. WAPCO [WAPCO] Constructors, Inc., 520 F.Supp. 186 (M.D.La.1981). In Frito-Lay, the court found that the recovery of punitive damages and attorney fees is substantive law, cannot have a retroac *1186 tive effect, and must be applied prospectively only. Id. at 190-191.
While case law from the United States Court of Appeals Fifth Circuit is not binding on this Court, this Court does find that Frito-Lay expresses the better view and therefore, concurs with the outcome of Frito-Lay. Specifically, the Court finds that R.S. 38:2191 was not designed as a vehicle to exercise an existing right but created a new right that allowed a party to recover more money than it had a right to recover before R.S. 38:2191 was enacted. As such, the Court finds that R.S. 38:2191 is not remedial, but is substantive law. Consequently, the Court cannot afford this statute with a retroactive application.
The judge has resolved the legal issue here in a manner which we approve. La. C.C. art. 6 (formerly art. 8). See also Commercial Credit Claims Ser. v. Richardson, 454 So.2d 177 (La.App. 1st Cir.1984). Since there are no disputed factual issues to be resolved, the summary judgment was appropriately and properly granted. La.C.C.P. art. 966. We affirm. Professional Construction Services, Inc. must pay the costs of this appeal.
AFFIRMED.
GAUDIN, J., dissents with reasons.