Dear Senator Cravins:
Your request for the opinion of the Attorney General has been directed to me for consideration and response. Specifically, you inquire as to whether an Emergency Rule adopted by the Board of Elementary and Secondary Education ("BESE") to amend an Employee Grievance Policy previously in effect, under Bulletin 1868, may be applied retroactively.
Under Louisiana law, statutes are generally given only prospective application. LSA-R.S. 1:2. This general rule, however, is subject to several commonly accepted exceptions: (1) where the statute expressly provides that it is to be applied retroactively, (2) when the statute is procedural, (3) when it is interpretative, and (4) when it is curative or remedial. See, Guillory v. McClinton, 359 So.2d 223 (La.App. 1st Cir. 1978). These principles apply to rules promulgated by administrative bodies and, thus, they apply to the BESE Emergency Rule at issue.
Upon comparing the Grievance Policy in effect under Bulletin 1868 and the Emergency Rule which amended it, it seems that the change which BESE is affecting is procedural. The Emergency Rule which is now in effect provides for appeal of the decision from the Second Step of the Grievance Policy to the State Superintendent of Education instead of the Executive Director of the State Board. It provides that the State Superintendent, or his designee, shall conduct a hearing within thirty calendar days of the receipt of an appeal from the Second Step. It also provides that the parties may present additional documents to be considered, if done so within five days of the scheduled hearing. Finally, the grievant may appeal the decision of the State Superintendent to the Executive Director of BESE.
Under Bulletin 1868's Grievance Policy, a committee designated by the State Board would decide whether a recommendation should be made to the full Board or whether a further investigation was warranted. The final and fourth step in this procedure being a decision rendered by the full Board. These provisions, along with provisions for the further investigation of a grievant's appeal, have been preempted by the Emergency Rule.
The Emergency Rule, however, does not preclude the State Superintendent from conducting a further investigation. In fact, the Rule states that, "Anytime further information is sought or obtained, the parties involved shall be given an opportunity to respond to any information received before any decision is reached.", thus, implying that the State Superintendent may very well seek additional information as needed from the parties. In addition, the fourth step providing for a final appeal is retained, only the reviewing body has been changed.
The main changes created by the Emergency Rule concern the body designated to review the grievant's appeal from the Second Step. This does not amount to a deprivation of a grievant's rights, he or she is afforded substantially the same process as before. The grievant maintains the right to appeal and the State Superintendent is not precluded from requesting and obtaining any further information he or she feels is needed to render a fair decision. It is the opinion of this office that the Emergency Rule affects only a procedural change in BESE's Grievance Procedure and, therefore, it may be applied retroactively.
I hope that this sufficiently answers your question. If you require any further assistance, please feel free to contact this office.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: BETH A CONRAD Assistant Attorney General
RPI/BAC:pab 0005u