812 So.2d 687 (2002)
Nolan J. BENSON, et al.
v.
CITY OF MARKSVILLE, et al.
No. 01-1078.
Court of Appeal of Louisiana, Third Circuit.
February 6, 2002.
Rehearing Denied March 20, 2002.
Writ Denied June 14, 2002.
*688 Rodney Marchive Rabalais, Attorney at Law, Marksville, LA, Counsel for Defendant/Appellee, Daniel Michel.
Gideon Tillman Carter III, Attorney at Law, Baton Rouge, LA, Counsel for Plaintiff/Appellant, Nolan Benson, Sr., Borrel's, Inc.
Court composed of JOHN D. SAUNDERS, OSWALD A. DECUIR, and GLENN B. GREMILLION, Judges.
DECUIR, Judge.
Nolan J. Benson, Sr. and Borrel's, Inc. filed this suit against Daniel Michel, Alfred Channel, the City of Marksville, and the Marksville Police Department alleging, among other claims, defamation and the violation of their constitutional rights under 42 U.S.C. § 1983. Their claims were premised on the plaintiffs' prosecution for violating municipal noise ordinances as a result of Michel's numerous complaints of loud music and bass vibrations from a nightclub located on Benson's property and operated by Borrel's, Inc. Michel filed a motion to strike the plaintiffs' petition pursuant to La.Code Civ.P. art. 971, which the trial court denied. This court granted writs, ultimately reversing the trial court and dismissing the petition. Michel then sought attorney's fees and costs as allowed by the statute and, after a hearing, was awarded $11,711.58 by judgment of the trial court. Nolan Benson has appealed that judgment. For the following reasons, we reverse.
The record reveals that in 1999, Dan Michel complained more than thirty times to the Marksville Police Department about noise coming from Borrel's Nightclub. Although Michel's residence is quite a distance from the nightclub, and apparently no closer residents lodged similar complaints, Michel complained that he could hear bass vibrations from his house. Police records show that he enlisted the help of his brother, the mayor of Marksville, to verify his charges and to press the police department to take action. Eventually, citations were issued to Benson, and he was tried in Marksville City Court for noise violations. Benson states that he was acquitted on all charges.
Benson then brought the instant defamation claim against Michel for making what he alleged to be unfounded complaints resulting in harm to both Benson and his business. Michel filed a motion to strike pursuant to La.Code Civ.P. art. 971, which was enacted in August of 1999, two months after the plaintiffs' suit was filed. The statute allows a defendant to seek dismissal, under certain circumstances, of a claim asserted against him for the exercise of his right of petition or free speech. The statute provides as follows:
Art. 971. Special motion to strike
A. (1) A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established a probability of success on the claim.
(2) In making its determination, the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based.
(3) If the court determines that the plaintiff has established a probability of success on the claim, neither that determination nor the fact of that determination shall be admissible in evidence at any later stage of the proceeding, and no burden of proof or degree of proof otherwise *689 applicable shall be affected by that determination.
B. In any action subject to Paragraph A of this Article, a prevailing defendant on a special motion to strike shall be entitled to recover reasonable attorney's fees and costs. If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award reasonable attorney's fees and costs to a plaintiff prevailing on the motion.
C. The special motion may be filed within sixty days of service of the petition, or in the court's discretion, at any later time upon terms the court deems proper. The motion shall be noticed for hearing not more than thirty days after service unless the docket conditions of the court require a later hearing.
D. All discovery proceedings in the action shall be stayed upon the filing of a notice of motion made pursuant to this Article. The stay of discovery shall remain in effect until notice of entry of the order ruling on the motion. Notwithstanding the provisions of this Paragraph, the court, on noticed motion and for good cause shown, may order that specified discovery be conducted.
E. This Article shall not apply to any enforcement action brought on behalf of the state of Louisiana by the attorney general, district attorney, or city attorney acting as a public prosecutor.
F. As used in this Article, the following terms shall have the meanings ascribed to them below, unless the context clearly indicates otherwise:
(1) "Act in furtherance of a person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue" includes but is not limited to:
(a) Any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law.
(b) Any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official body authorized by law.
(c) Any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest.
(d) Any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.
(2) "Petition" includes either a petition or a reconventional demand.
(3) "Plaintiff" includes either a plaintiff or petitioner in a principal action or a plaintiff or petitioner in reconvention.
(4) "Defendant" includes either a defendant or respondent in a principal action or a defendant or respondent in reconvention.
After a hearing on the motion to strike, the trial court determined the statute could be applied retroactively because it is procedural in nature. It then found that Michel's complaints to the police department involved a public issue and were not mere expressions of opinion as alleged; rather, the complaints were allegations of criminal misconduct and were defamatory per se. It ruled that Benson had met his burden of establishing a probability of success on his defamation claim and thus denied the motion to strike. Michel then applied for supervisory writs in this court, and we remanded with instructions to the trial court to address the elements of falsity and malice and "to redetermine whether the plaintiff has established a probability of success after considering" those issues.
*690 The trial court then issued additional reasons for ruling wherein it addressed the elements of falsity and malice. It concluded that the noise complaints made by Michel were more probably than not false, which raised a legal presumption of malice. It again denied the motion to strike in an interlocutory ruling, and Michel again applied for writs. We reversed the trial court on the finding of malice, stating that the "element of `malice,' actual or implied, is totally absent from this case." We reversed the trial court's denial of the motion to strike and remanded for further proceedings. Benson did not appeal this court's decision.
Upon remand, Michel filed a rule to set attorney's fees and costs, and judgment was rendered in his favor. Benson has appealed that judgment, raising six assignments of error for our consideration, all of which we quote from the plaintiff's brief.

I.
Benson's first assignment of error states:
The trial judge erred in not continuing the March 5, 2001 hearing because the Attorney General had not been served with notice of the proceeding, was an indispensable party to said proceeding and any judgment entered would have been fatally defective and invalid for failure to join an indispensable party.
Our review of the record reveals no proper constitutional challenge to La.Code Civ.P. art. 971. Benson did not specifically plead unconstitutionality and did not notice or request service on the attorney general, as required by La.Code Civ.P. art. 1880. Additionally, at no time in these proceedings did counsel for Benson request a continuance for appearance by the attorney general. Consequently, there is no merit to the assignment of error raised herein.

II.
The next contention asserted by Benson involves this court's decision on the second writ application filed by Michel:
The trial judge erred in not considering and not finding that the October 9, 2000 decision of this Third Circuit Court of Appeal was absolutely null and void based upon lack of jurisdiction of this appellate court when it rendered the decision because prior to said appellate decision, the district court had not lawfully entered in open court an oral ruling or decision of the falsity and malice issue under La. C.C.Pro. Art. 971 Special Motion to Strike nor had the district court entered a written signed judgment or ruling prior to and at time of rendition of the October 9, 2000 decision.
We construe the above-quoted assignment of error to be a complaint about the form of the trial court's ruling on remand on the falsity and malice elements of the plaintiffs' case. By assigning additional reasons for ruling, and once again denying Michel's motion to strike, the trial court issued an interlocutory order. No formal judgment was required. Michel timely applied for supervisory writs, at which time this court then had proper jurisdiction to hear the proceedings.
Counsel for Benson did not object to this court's jurisdiction at the time of the writ consideration. The jurisdiction argument was raised in the trial court at the hearing on Michel's rule to set attorney's fees; the trial court ruled that the appellate court's October 9, 2000 decision was a valid judgment and not absolutely null. We find that the appellate court clearly had jurisdiction to render a decision on the writ application. The trial court's ruling was correct.

*691 III.
Benson's third assignment of error questions the retroactive application of La. Code Civ.P. art. 971:
The trial judge erred in refusing to consider and in not finding that under La.C.C.Pro.Art. 971 awarding mandatory attorney's fees and costs to a prevailing defendant was prohibited constitutionally from being applicable to this Plaintiff because Plaintiff's causes of action for defamation and suit thereon arose and was filed prior to the enactment of Article 971 by the legislature.
The trial court addressed the retroactivity of Article 971 in its first reasons for ruling denying the motion to strike. The statute was found to be procedural in nature and thus applicable to pending claims and those which arose prior to its effective date. That determination was not raised or questioned in subsequent proceedings until the attorney's fee hearing. Indeed, this court on writ review applied the provisions of the statute without mentioning the retroactivity issue.
Benson does not seem to question in this appeal the retroactive application of other parts of the statute; he focuses solely on the attorney's fee and cost provision, suggesting that although the statute may generally apply to the instant case, that portion providing for an award of attorney's fees and costs to a prevailing defendant should apply only to causes of action arising after the effective date.
Although we agree with the trial court's characterization of Article 971 as procedural legislation, we find the attorney's fee provision to be a substantive change in the law. Under this new law, the obligation to pay attorney's fees may arise in situations where no such obligation existed before the enactment of the statute. In Commercial Credit Claims Services v. Richardson, 454 So.2d 177, 179 (La.App. 1 Cir.1984), the court explained that "[t]he difference between a substantive law and a procedural law is that a procedural law merely prescribes a method of enforcing a previously existing right, whereas a substantive law creates a new obligation where none existed before." Similarly, in Professional Construction Services v. Parish of Jefferson, 562 So.2d 1184, 1186 (La.App. 5 Cir. 1990), the appellate court approved of the trial court's description of an attorney's fee amendment to a public works provision:
Specifically, the Court finds that R.S. 38:2191 was not designed as a vehicle to exercise an existing right but created a new right that allowed a party to recover more money than it had a right to recover before R.S. 38:2191 was enacted. As such, the Court finds that R.S. 38:2191 is not remedial, but is substantive law. Consequently, the Court cannot afford this statute with a retroactive application.
See also, Frito-Lay, Inc. v. Wapco Constructors, Inc., 520 F.Supp. 186 (M.D.La. 1981).
Accordingly, we hold that Paragraph B of Article 971 represents a substantive change in the law and will be applied prospectively only. We, therefore, reverse the award of attorney's fees and costs granted in favor of Dan Michel.

IV.
In his fourth assignment of error, Benson challenges the constitutionality of Article 971:
The trial judge erred in not considering and not finding that La. C.C.Pro.Art. 971 was unconstitutional in that it deprived the Plaintiff of equal protection of the law, of substantive due process of the law, of procedural due process of the law, and discriminated against Plaintiff *692 and Defendant thereunder for no rational state interest.
As we have previously stated herein, Benson has not properly raised a constitutional challenge to Article 971. He did not specifically plead unconstitutionality, nor did he notice or request service on the attorney general. Louisiana jurisprudence holds that "a statute must first be questioned in the trial court, not the appellate courts, and the unconstitutionality of a statute must be specially pleaded and the grounds for the claim particularized." Vallo v. Gayle Oil Co., Inc., 94-1238, p. 8 (La.11/30/94), 646 So.2d 859, 864-65 (footnote omitted). Consequently, we will not address Benson's constitutional challenge to Article 971.

V.
Benson's fifth assignment of error states:
The trial judge erred in not considering and not finding that a judgment entered on the defamation claim was not a final judgment in this case, that it was a partial judgment subject to reconsideration at any time in this case, subject to redetermination at any time prior to final rendition of all claims against all defendants, in not rendering a decision on Plaintiffs probability of prevailing on falsity and malice elements and accordingly not rendering a decision finding that Defendant was not entitled to a decision on the Motion to Strike nor to a decision for attorney's fees under La. C.C.Pro.Art. 971.
The arguments presented by Benson under this assignment of error ignore the fact that our October 9, 2000, writ decision is a final judgment which had the effect of dismissing the defamation claims asserted against Michel. The decision was not brought to the supreme court and was not subject to interpretation by the trial court. It is final and is not before us now. The issues raised in this assignment of error, therefore, will not be addressed.

VI.
Lastly, Benson contends the trial court erred in the amount of attorney's fees awarded to Michel. In answer to the appeal, Michel seeks an increase in the award of attorney's fees for work performed in this appeal. Because we have determined that the attorney's fee provision of Article 971 is not applicable herein, we need not address either of these contentions.
For the foregoing reasons, the judgment of the trial court awarding attorney's fees and costs is reversed. Costs of this appeal are assessed to the appellee, Dan Michel.
REVERSED.