NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 17-739


FRANK BUTLER AND RHONDA BUTLER

VERSUS

CHRISTIAN KALIVODA


**********

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 75374-B
HONORABLE RONALD D. COX, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and D. Kent Savoie, Judges.


AFFIRMED IN PART AND REVERSED IN PART.

**C. Brent Coreil**
**P. O. Drawer 450**
**Ville Platte, LA 70586**
**(337) 363-5596**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
 **Frank Butler**
 **Rhonda Butler**

**Garth J. Ridge**
**251 Florida St., Suite 301**
**Baton Rouge, LA 70801**
**(225) 343-3700**
**COUNSEL FOR DEFENDANT/APPELLANT:**
 **Christian Kalivoda**

**Jacob B. Fusilier**
**Fusilier & Associates**
**P. O. Box 528**
**Ville Platte, LA 70586**
**(337) 363-6661**
**COUNSEL FOR DEFENDANT/APPELLANT:**
 **Christian Kalivoda**

**EZELL, Judge.**

Christian Kalivoda appeals the decision of the trial court below finding him in contempt of court for violating a restraining order against him issued in protection of Frank and Rhonda Butler. Mr. Kalivoda also appeals the trial court's award of attorney fees to the Butlers. For the following reasons, we affirm the decision of the trial court in part and reverse in part.

On March 30, 2015, a temporary restraining order (TRO) was issued against Mr. Kalivoda preventing him from "physical abuse or harassment of [the Butlers], and from going to [their] place of business, residence or employment, or accosting them in any manner, including social media and coming within [twenty-five] feet" of the Butlers. This TRO was extended on Mr. Kalivoda's request as part of a stipulation to reset a hearing on converting the TRO into a preliminary injunction. The TRO remained in place until a July 15, 2015 hearing wherein Mr. Kalivoda and the Butlers stipulated to the issuance of reciprocal preliminary injunctions which would continue the restrictions of the prior TRO in favor of both parties. The stipulation was agreed to and discussed in open court with all parties and their counsel present. However, the injunction was not reduced to writing and signed by the trial court until December 1, 2015.

On November 23, 2015, after the stipulation but prior to the signing of the judgment, Mr. Kalivoda violated the injunction by harassing Rhonda Butler. That day, while Mrs. Butler was driving on the highway that separates the Butlers' business from Mr. Kalivoda's house, Mr. Kalivoda pulled dangerously close behind Mrs. Butler, coming within twenty-five feet of her in defiance of the injunction. Mr. Kalivoda was yelling and making obscene gestures at Mrs. Butler, coming close enough to her that she felt panicked and veered off the road, fearing she would be hit.

In April 2016, the Butlers filed a motion for contempt against Mr. Kalivoda for his actions. After a hearing on the matter, the trial court found that Mr. Kalivoda had knowingly violated the injunction and sentenced him to ninety days in jail, suspended on the condition that he did not come within 1,000 feet of the Butlers. The trial court also awarded the Butlers $4,000 in attorney fees. From that decision, Mr. Kalivoda appeals.

On appeal, Mr. Kalivoda asserts three assignments of error. He claims that the trial court erred in finding that the TRO was violated, when he claims it had expired by law; he claims that the trial court erred in finding that the stipulated judgment was in effect prior to being signed; and that the trial court erred in awarding attorney fees to the Butlers. Mr. Kalivoda has also filed before this court an exception of no cause of action.

Mr. Kalivoda first claims that the trial court erred in finding he had violated the TRO signed on March 30, 2015. However, the trial court did not find that he violated that order but found that he violated the stipulated judgement entered into on July 15, 2015. This assignment of error is without merit and need not be discussed further.

Next, Mr. Kalivoda claims that the trial court erred in finding that he violated the stipulated judgment entered into by the parties on July 15, 2015, as his actions occurred on November 23 of that year, prior to that judgment actually being signed on December 1, 2015. We disagree.

First, we note that Mr. Kalivoda does not dispute the factual findings of the trial court that he violated the TRO. He merely claims that there was no order in place at the time of his actions. We do not find this to be a compelling argument. We find there was a valid consent judgment in place, on the record, between the parties as of July 15, 2015. On that date, both parties were present in court and

both were represented by counsel. The Butlers' counsel stated that the parties had reached an agreement or consent judgment. Mr. Kalivoda's attorney then stated that his client agreed to the terms of the consent judgment, emphasizing that his agreement was based on the injunction being applied reciprocally. The parties agreed to reciprocal injunctions in "the same form and substance as the TRO" that was in place at the time of the hearing. All parties were aware that the TRO they were agreeing to prevented harassment, or coming within twenty-five feet of the each other.

Louisiana Civil Code Article 3072 (emphasis ours) provides that "[a] compromise shall be made in writing *or recited in open court*, in which case the recitation shall be susceptible of being transcribed from the record of the proceedings." In *Tate v. Tate*, 09-591 (La.App. 5 Cir. 1/12/10), 30 So.3d 1000, the consent judgment or compromise was not perfected in writing at all, but was merely recited in open court. The court found there to be a valid consent judgment on the date of the recitation and that the judgment had been valid and in place for nine years.

In this case, the stipulated judgment was eventually perfected in writing in December 2015; however, that judgment was effective when recited in open court after a discussion on the record in July of that year. It is clear that Mr. Kalivoda fully acquiesced in the stipulation. He was aware of, and agreed to, continuing the terms of the existing TRO, preventing him from harassing or coming within twenty-five feet of the Butlers. There is no evidence Mr. Kalivoda had any mistaken belief as to the terms of the agreement. To the contrary, he was aware of the proscribed behavior, as he specifically requested that it be applied to the Butlers as well. Mr. Kalivoda was fully appraised of his rights and obligations under the agreement, but knowingly violated them anyway. The TRO was valid at

3

the time it was recited in open court, and the trial court did not err in finding him in contempt of that order. This assignment of error is without merit.

Because there was a valid stipulated judgment in effect at the time Mr. Kalivoda harassed Mrs. Butler, his exception of no cause of action is likewise without merit and is denied.

However, we do find merit in Mr. Kalivoda's assertion that the trial court erred in awarding attorney fees to the Butlers. An award of attorney fees is a type of penalty imposed not to make the injured party whole, but rather to discourage a particular activity on the part of the opposing party. *In re Jones*, 10-66 (La.App. 5 Cir. 11/9/10), 54 So.3d 54. A contempt proceeding, however, is designed for the vindication of the dignity of the court rather than for the benefit of a litigant. *City of Kenner v. Jumonville*, 97-125, 97-210, 97-602 (La.App. 5 Cir. 8/27/97), 701 So.2d 223, *writ denied*, 97-2890 (La. 1/30/98), 709 So.2d 718, *cert. denied*, 524 U.S. 953, 118 S.Ct. 2371 (1998). Attorney fees are not awarded generally in Louisiana unless authorized by statute or provided by contract. *Rivet v. State, Dept. of Transp. and Dev.,* 96-145 (La. 9/5/96), 680 So.2d 1154.

At the time of Mr. Kalivoda's actions, the punishment for such contempt did not include an award of attorney fees or costs. See *Lockett v. UV Ins. Risk Retention Grp., Inc.*, 15-166 (La.App. 5 Cir. 11/19/15), 180 So.3d 557. Louisiana Revised Statutes 13:4611(g), which provides for an award of attorney fees for the prevailing party in a contempt of court proceeding, did not become effective until August 1, 2016, after the actions and proceedings in this matter began. An obligation to pay attorney fees arising in situations where no such obligation existed before the enactment of the statute constitutes a substantive change in the law and can be applied prospectively only. *Benson v. City of Marksville*, 01-1078 (La.App. 3 Cir. 2/6/02), 812 So.2d 687, *writ denied*, 02-1066 (La. 6/14/02), 817

So.2d 1158. While the Butlers were clearly not entitled to attorney fees under statute at the time of this hearing, they claim they may recover attorney fees under the stipulated judgment, which serves as a contract between the parties. We disagree.

"A compromise settles only those differences that the parties clearly intended to settle, including the necessary consequences of what they express." La.Civ.Code art. 3076. The judgment stipulated to by the parties made no mention of attorney fees awards for enforcement of the order; nor did the original TRO that served as the basis for this stipulation. Rather, the trial court mentioned attorney fees as a warning to the parties on his own. While this court understands the rationale behind the trial court's award, especially in light of the reckless nature of Mr. Kalivoda's behavior, attorney fees were not part of the original TRO and were, therefore, not part of agreement between the parties. Because attorney fees were not agreed to by the parties and were not provided for by law at the time of the trial, the trial court's award of attorney fees was in error and must be reversed.

For the above reasons, we hereby reverse the award of attorney fees and affirm the judgment in all other respects. Costs of this appeal are hereby assessed against Mr. Kalivoda.

**AFFIRMED IN PART AND REVERSED IN PART.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2-16.3.